Commonwealth, Appellant, *v.* Goldsmith.

Argued November 11, 1969.   Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

84

*Edward G. Rendell*, Assistant District Attorney, with him *James D. Crawford*, Assistant District Attorney, *Richard A. Sprague*, First Assistant District Attorney, and *Arlen Specter*, District Attorney, for Commonwealth, appellant.

*Harry Siegel*, for appellee.

OPINION BY MR. JUSTICE ROBERTS, March 20, 1970:

On March 27, 1968, appellee, accompanied by his lawyer, surrendered himself into the custody of the police. Interrogation began after his lawyer left police headquarters, and incriminating statements were secured. Appellee moved, before trial, to have these confessions suppressed and a hearing was held. One of the two interrogating officers testified that he had no recollection whether either officer gave appellee the warnings required by *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602 (1966). The other officer testified that he did remember giving the required warnings, but could not remember what responses, if any, appellee gave to the warnings.* The trial judge made no find-

---

* The warnings were phrased in terms of five statements, followed by seven questions. The questions, whose answers the officer could not recall, were as follows: "1. Do you understand that you have a right to keep quiet and do not have to say anything at all? 2. Do you understand that anything you say can and will be used against you? 3. Do you wish to remain silent? 4. Do you understand you have a right to talk with a lawyer before we ask you any questions? 5. Do you understand that if you cannot afford to hire a lawyer and you want one we will not ask you any questions until a lawyer is appointed for you? 6. Do you want to either talk with a lawyer at this time or to have a lawyer with you while we

ing as to whether appellee had, in fact, been given the warnings. Instead, he assumed, arguendo, that the warnings were given and held that, as a matter of law, the Commonwealth had not proved waiver. The Commonwealth appealed this ruling and we affirm.

In *Miranda v. Arizona,* supra, the United States Supreme Court clearly set forth the factors which control our disposition of the instant case. The Court held that where an interrogation occurs without the presence of an attorney, "a heavy burden rests on the government to demonstrate that the defendant knowingly and intelligently waived his privilege against self-incrimination and his right to retained or appointed counsel." 384 U.S. at 475, 86 S. Ct. at 1628. The government, to prove waiver, must demonstrate not only that adequate warnings were given, but that the defendant understood the import of these warnings. For the warnings imposed by *Miranda* were not meant to be "simply a preliminary ritual to existing methods of interrogation." Id. at 476, 86 S. Ct. at 1629.

"An express statement that the individual is willing to make a statement and does not want an attorney followed closely by a statement could constitute a waiver. *But a valid waiver will not be presumed simply from the silence of the accused after warnings are given or simply from the fact that a confession was in fact eventually obtained.*" Id. at 475, 86 S. Ct. at 1628 (emphasis supplied).

In the instant case, the Commonwealth did not offer sufficient proof that appellee understood his rights so as to carry its "heavy burden." There was no proof of any "express statement" by appellee that he understood his rights and waived them. Although the police asked

---

ask you questions? 7. Are you willing to answer questions of your own free will without force or fear, without any threats or promises having been made to you?"

appellee seven consecutive questions phrased in terms of whether he understood each of his rights, the Commonwealth was unable to prove how—or whether—appellee responded to these questions. Without such proof we cannot conclude that he responded affirmatively.

The Commonwealth urges that we can find waiver from the interrogating officer's testimony that appellee stated "I will give you an oral statement. My lawyer said I could make one without giving you the motive of what happened." But a statement indicating a willingness to confess, like the confession itself, is not sufficient under *Miranda* to demonstrate that an accused understood his rights. For such a statement is equally consistent with the view that he did not understand the warnings, that the warnings were to him "simply a preliminary ritual." Nor can appellee's knowledge be inferred from the fact that he came to the police station with a lawyer. The Commonwealth presented no evidence to indicate what, if anything, appellee was told by his lawyer. In fact, there is some testimony indicating that the lawyer may have told the police not to question appellee at all.

We must therefore agree with the trial court that since there is no express proof that appellee understood his *Miranda* rights and waived them, the Commonwealth has not carried its burden of proof on this issue. We therefore hold that appellee's confessions are not admissible at his trial. The order of the Court of Common Pleas, Trial Division, of Philadelphia is affirmed.

Mr. Chief Justice BELL dissents.