374 A.2d 1354

COMMONWEALTH of Pennsylvania, Appellee,

v.

Tyrone N. BROWN, Appellant.

Superior Court of Pennsylvania.

Submitted June 28, 1976.

Decided June 29, 1977.

Calvin S. Drayer, Jr., Assistant Public Defender, Norristown, for appellant.

William T. Nicholas, District Attorney, Norristown, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT, and SPAETH, JJ.

VAN der VOORT, Judge:

The issues in this appeal are whether the sentence imposed on appellant should be reversed because (1) the court refused to suppress certain evidence of a gun and drugs found in the clothing of appellant and (2) the case was not tried within the time period mandated by Rule 1100 of the Rules of Criminal Procedure.

Appellant was arrested in a women's clothing store on May 7, 1974, while allegedly attempting to rob the store. When he and another man walked into the store, Carolyn Abrams, who was operating the store alone at the time, became suspicious of the behavior of the men, went into the back room and telephoned the Philadelphia branch of her store for help. The message was promptly relayed to the police. While she was still on the telephone, the two men entered the back room, the appellant carrying two bathing suits which he said he wished to purchase. As Mrs. Abrams began to write the sales slip, appellant took a gun from his pocket, put it against the left side of her ribs and said, "This is a stick up, give me all your money." At that moment, the police arrived.

As the officer entered the store, he saw one man in the front of the store and the appellant in the back room with Carolyn Abrams. He went to the back room and asked what the problem was. He received no immediate answer, but observed that Mrs. Abrams looked "white as a ghost" and that appellant's hands were shaking. He also observed that this back room did not appear to be a part of the store where customers were supposed to be and asked appellant to move to the front of the store. As appellant was leaving the back room, he began to take off his jacket and at that moment Mrs. Abrams told the officer that appellant had a gun. The officer thereupon placed both men against the wall and patted them down for weapons. A .32 calibre chrome-plated Iver Johnson pistol was found in the pocket of the jacket which appellant had been wearing.

Appellant was thereupon arrested, advised of his rights and taken to police headquarters where a routine search of his clothing revealed five plastic bags of methamphetamine, a schedule II narcotic.

A criminal complaint was lodged against appellant on May 7, 1974. He was indicted on December 13, 1974, and tried on September 10, 1975. The jury returned verdicts of guilty on

charges of criminal conspiracy, robbery and a violation of the Controlled Substances, Drug, Device and Cosmetic Act. Motions for a new trial and in arrest of judgment were argued and denied and appellant sentenced, whereupon this appeal.

Appellant contends that the sentence should be set aside because appellant's gun which was seized at the store and the methamphetamine which was taken from his coat pocket at the police station should have been suppressed on his motion because obtained without a search warrant.

The officer came to the store in response to a radio call to the effect that there were suspicious circumstances at the store. He found the female shopkeeper alone with appellant in the back room where under ordinary circumstances customers would not be. He saw another man in the front of the store and no one else present. He observed that the woman looked frightened. She told him that appellant had a gun. Based on this information and his own observations, he clearly had probable cause to believe that criminal activity had been or was in the process of being attempted. Accordingly the arrest and search were lawful and the evidence obtained therefrom; i. e., the gun, was admissible. The drugs found on appellant were also properly seized without a warrant since they were found pursuant to an appropriate inventory search in police headquarters after appellant was arrested. We conclude that neither the gun nor the drugs were obtained in violation of appellant's constitutional rights and were properly admitted in evidence.

We now turn to the timeliness of the trial within the limits mandated by Rule 1100 of the Rules of Criminal Procedure. The calendar of events on which this issue is to be determined is as follows:

| | |
|---|---|
| May 7, 1974 | Appellant arrested and criminal complaint lodged. |
| May 17, 1974 | Preliminary hearing held. |
| December 13, 1974 | Appellant indicted. |

| | |
|---|---|
| January 20, 1975 | Commonwealth filed a motion to extend time for trial, based upon judicial delays beyond the control of the prosecutor. |
| February 21, 1975 | Hearing held on motion and time within which to try the case extended to April 30. |
| March 10, 1975 | Trial scheduled to begin but Carolyn Abrams, the Commonwealth's key witness, failed to respond to a subpoena and could not be located. On application of the Commonwealth, consented to in writing both by the appellant and his counsel, the case was continued because of the unavailability of the witness. |
| September 9, 1975 | Appellant's motion to dismiss the case under Rule 1100 dismissed. |
| September 10, 1975 | Appellant tried and convicted. |
| January 27, 1976 | Appellant sentenced. |

The Commonwealth's petition of January 20 to extend the time for commencing trial was filed within the 270 day limit set by Rule 1100(a)(1). The petition averred that the prosecutor had certified to the Montgomery County Court Administrator on December 13, 1974, that the case was ready for an immediate trial listing, but that the Court Administrator's office had never so listed the case. On the basis of this showing of due diligence by the prosecutor and his inability to get the case scheduled for trial within the time limits of Rule 1100, the court extended the time for the commencement of trial to April 30.

The right of the court to grant such an extension because of delays attributable to the judicial system rather than the prosecutor's office is challenged by the appellant. However, this issue has been laid to rest in two very recent decisions of the Supreme Court of Pennsylvania: *Commonwealth v. Mayfield*, 469 Pa. 214, 364 A.2d 1345 (October 8, 1976); *Commonwealth v. Shelton*, 469 Pa. 8, 364 A.2d 694 (October 8, 1976). In *Mayfield* it was squarely ruled that Rule 1100(c) should be interpreted to permit a trial court to grant a timely application by the Commonwealth to extend the prescribed time for trial on the sole ground that the

court cannot schedule the trial within the period prescribed by the Rule.

The rationale of the ruling is elaborated upon in *Shelton* :

"Section (c) of the Rule states that an application for an extension 'shall be granted only if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth.' "

"The 'Commonwealth' in the context of the Rule clearly refers to prosecutorial officers and not to the judiciary. Literally read, the Rule quite simply does not attempt to solve the problem of eliminating delay due to the judiciary; rather, it attempts to eliminate delay due to lack of due diligence on the part of prosecutorial officers. Furthermore, if 'judicial delay' does not justify an extension, then in a situation where because of the unavailability of a judge or a court before whom to commence trial at a time prior to the expiration of the mandatory period, the Commonwealth despite the exercise of all due diligence would be unable to effectuate a prosecution. Such a result would render the due diligence exception a nullity and is therefore contrary to the rule of construction that requires '[e]very [rule to] be construed, if possible, to give effect to all its provisions.' "

There remains for consideration the legal consequence of the continuance granted the Commonwealth on March 10, the day trial was scheduled to commence, because of the failure of the Commonwealth's key witness to answer a subpoena and the inability of the prosecution to locate her.

 Clearly the trial court would have been justified in granting a second extension of time under these circumstances, the Commonwealth having established its due diligence by its announced readiness to proceed since the previous December. However, instead of petitioning for an extension the Commonwealth moved for and was granted a continuance of the trial. Documents in the record indicate

that defense counsel consented[1] to the continuance and to a waiver of Rule 1100 by a written notation on the motion for continuance. Defendant also appears to have given his consent, based upon our review of a form he signed and the findings of the lower court at trial during a discussion of this issue with counsel. It was recently ruled in *Commonwealth v. Myrick*, 468 Pa. 155, 360 A.2d 598, 600 (1976) that Rule 1100 might be waived by such a signed statement in the record. We hold that such a waiver was established in this case.

Affirmed.

PRICE, J., files a dissenting opinion in which HOFFMAN and SPAETH, JJ., join.

PRICE, Judge, dissenting:

The complaint in the instant case was filed against the appellant on May 7, 1974. The Commonwealth was therefore obliged under Pa.R.Crim.P. 1100(a)(1)[1] to bring the appellant to trial within 270 days, or by February 3, 1975. Trial, however, did not begin until September 9, 1975. The

1. Appellant argues on appeal that his counsel was ineffective for providing such consent. Appellant was represented at trial by privately retained counsel. An associate of that attorney filed post-trial motions, but then withdrew from the case, after which the appellant was represented by a public defender. Leave to file additional reasons for a new trial or for arrest of judgment was granted to appellant by order of the court below dated September 17th, 1975, however no additional reasons were filed. No claim of ineffective counsel was raised at any time by any defense attorney before the lower court. The lower court's denial of post-trial motions occurred several weeks after the appointment of the public defender. Moreover, all post-trial proceedings in this case occurred after the issuance of such decisions as *Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975) and *Commonwealth v. Twiggs*, 460 Pa. 105, 331 A.2d 440 (1975). Accordingly, it is clear that the claim of ineffective counsel herein must be held to have not been properly preserved for appellate review. See *Commonwealth v. Hubbard*, 472 Pa. 259 at p. 275 n. 5, 372 A.2d 687 at p. 694 n. 5 (1977).

1. Pa.R.Crim.P. 1100(a)(1) provides:
 "Trial in a court case in which a written complaint is filed against the defendant after June 30, 1973 but before July 1, 1974 shall commence no later than two hundred seventy (270) days from the date on which the complaint is filed."

appellant thus contends that his right to a speedy trial as embodied in Rule 1100 was violated. I agree with this contention.

The record shows that on January 20, 1975, prior to the expiration of the prescribed period, the Commonwealth filed a petition to extend the time for trial. *See* Pa.R.Crim.P. 1100(c).[2] The Commonwealth's form petition to extend alleged that the Commonwealth was prepared to proceed to trial, but was unable to do so because the Court Administrator of Montgomery County had failed to list the case for trial. On February 21, 1975, the court below, after a hearing, allowed the Commonwealth until April 30, 1975, to bring the appellant to trial. On March 10, 1975, the Commonwealth requested by form petition that trial be continued due to the unavailability of an important Commonwealth witness. Although the Commonwealth's application for a continuance was signed by the lower court, the appellant, and appellant's counsel on March 10th, the application was not docketed in the lower court until August 26, 1975, one day after the appellant filed a motion to dismiss the charges pursuant to Pa.R.Crim.P. 1100(f).[3] The appellant's motion to dismiss was denied by the court below on September 9, 1975, when trial began.

For various reasons, the majority affirms the action of the court below. Before discussing my differences with the rationale of the majority, I am constrained to note that the lower court, in its opinion, mistakenly equates the Commonwealth's *March 10th motion for a continuance* with an

**2.** Pa.R.Crim.P. 1100(c) provides in pertinent part:
"At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial. . . . Such application shall be granted only if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth. Any order granting such application shall specify the date or period within which trial shall be commenced."

**3.** Pa.R.Crim.P. 1100(f) provides in pertinent part:
"At any time before trial, the defendant or his attorney may apply to the court for an order dismissing the charges with prejudice on the ground that this Rule has been violated."

application for an extension under Pa.R.Crim.P. 1100(c). The two are not the same, differing substantially in legal effect. *See Commonwealth v. Kincade*, 246 Pa.Super. 389, 371 A.2d 894 (1976). Under Rule 1100, no part of the delay in trial caused by the grant of a continuance to the Commonwealth may be excluded from the computation of the prescribed period unless the continuance is agreed to or caused by the appellant or his counsel. *See* Pa.R.Crim.P. 1100(d)(1) and (2).[4] On the other hand, Section (c) of Rule 1100 provides that the Commonwealth may be granted an extension of time for trial if it can demonstrate that trial cannot be commenced within the prescribed time despite its due diligence. *See* note 2, *supra.* Moreover any order by the lower court granting the Commonwealth's request for an extension of time must specify the date or period of time within which trial shall be commenced. *Compare* Pa.R. Crim.P. 1100(c) with Pa.R.Crim.P. 301(a).[5] Here, the record shows that no petition for extension or order granting such extension was ever filed other than those papers pertaining to the order of extension dated February 21, 1975. The Commonwealth's motion of March 10th was undeniably a request for a continuance and not a petition for a time extension.

The majority finds that the appellant abandoned absolutely any rights under Rule 1100 by consenting in writing to the Commonwealth's March 10th request for a continuance. Certainly, "[r]ule 1100, like the right to a speedy trial which it protects, may be waived." *Commonwealth v. Myrick*, 468

4. Pa.R.Crim.P. 1100(d) provides:
"In determining the period for commencement of trial, there shall be excluded therefrom such period of delay at any stage of the proceedings as results from:
(1) the unavailability of the defendant or his attorney;
(2) any continuance in excess of thirty (30) days granted at the request of the defendant or his attorney, provided that only the period beyond the thirtieth (30th) day shall be so excluded."

5. Pa.R.Crim.P. 301(a) provides:
"The court may, in the interests of justice, grant a continuance, of its own motion, or on the application of either party. The court shall on the record identify the moving party and state of record the court's reasons justifying the granting or denial of the continuance."

Pa. 155, 159, 360 A.2d 598, 600 (1976). The record, however, belies the majority's conclusion that the appellant's consent to a continuance for the Commonwealth constituted consent to an indefinite delay in bringing his case to trial.

The Commonwealth must establish on the record that the appellant's decision to waive his Rule 1100 rights was voluntary and informed. *Commonwealth v. Myrick, supra.* Here, the Commonwealth predicated its form request for a continuance solely upon the unavailability of a key witness. The record, however, conclusively established that the witness was present in Montgomery County, and available for trial, on March 19, 1975. On that date, the reason for the delay in trial, and the appellant's consent to that delay, ended. There is nothing in the record to demonstrate that the appellant agreed to any delay in trial other than the nine day period of delay caused by the absence of the Commonwealth's witness.

At the hearing on the appellant's motion to dismiss, the Commonwealth explained that its failure to bring the appellant to trial from March 19, 1975, until September 9, 1975, was due to the lack of available courtroom space in Montgomery County. While we can exclude the period of delay to which the appellant consented, nine days, from the calculation of the prescribed time, we cannot so exclude periods of delay attributable to the judiciary. *Commonwealth v. Shelton,* 239 Pa.Super. 195, 361 A.2d 873 (1976), *aff'd* 469 Pa. 8, 364 A.2d 694 (1976); Pa.R.Crim.P. 1100(d). Under the terms of the extension order dated February 21, 1975, the Commonwealth was required to bring the appellant to trial by April 30, 1975. On August 25, 1975, when the appellant filed his motion to dismiss, the mandatory period had already been exceeded. Any period beyond this date ". . . must be either excluded from the computation [of the mandatory period] under [1100(d)] or justified by an order granting an extension pursuant to [1100(c)], if the Commonwealth is to prevail." *Commonwealth v. O'Shea,* 465 Pa. 491, 496, 350 A.2d 872, 874 (1976). The Commonwealth failed to apply for a second extension of time, as it assuredly should have, and

the exclusion of nine days fails to account for the entire period of delay. I would therefore order the appellant discharged.[6]

HOFFMAN and SPAETH, JJ., join in this dissenting opinion.

6. I have assumed in my opinion that the appellant had in fact waived his Rule 1100 rights in regard to the period of delay caused by the unavailability of the Commonwealth witness. However, the validity of the appellant's consent is not beyond question. The form petition containing the Commonwealth's continuance request, and the appellant's consent thereto, is woefully incomplete. It is true that both the appellant and his counsel signed the Commonwealth's petition and that "waive 1100" is scrawled above counsel's name. However, the appellant's counsel failed to note on the petition, as required, that he was not opposed to the continuance. The appellant himself failed to indicate on the petition, as required, that he had no objection to the continuance. And, the lower court failed to mark on the petition whether the application was granted or denied. In fact, the record shows that the application was not officially docketed until August 26, 1975, long after the expiration of the mandatory period. In *Commonwealth v. Ray,* 240 Pa.Super. 33, 360 A.2d 925 (1976), we noted our strong disapproval of the use of wretchedly incomplete form petitions for time extensions under Rule 1100. The use of similarly afflicted continuance petitions must also be condemned.