385 A.2d 420

COMMONWEALTH of Pennsylvania

v.

Norman LEWIS, Appellant.

Superior Court of Pennsylvania.

Argued Sept. 15, 1976.

Decided April 13, 1978.

Hoffman and Spaeth, JJ., concurred in result.

Russell M. Nigro, Philadelphia, for appellant.

Steven H. Goldblatt and Deborah E. Glass, Assistant District Attorneys, and F. Emmett Fitzpatrick, District Attorney, Philadelphia, submitted a brief for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

On October 7, 1975, after a jury trial, appellant was convicted of robbery [1] and conspiracy.[2] Appellant's post-verdict motions were denied by the court below. This appeal followed.

On January 10, 1975, a written complaint was lodged against appellant charging him with various offenses. Under Pa.R.Crim.P. 1100(a)(2),[3] the Commonwealth had 180 days, or until July 9, 1975, to bring appellant to trial. Trial, however, did not begin until October 3, 1975. Appellant's sole contention on appeal is that he was denied his right to a speedy trial under Pa.R.Crim.P. 1100. Appellant is precluded from raising this issue on appeal, however, because it was not raised prior to trial. *Commonwealth v. Wallace*, 475 Pa. 27, 379 A.2d 558 (1977); *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974).

Rule 1100(f) provides that: "At any time before trial, the defendant or his attorney may apply to the court for an order dismissing the charges with prejudice on the ground that this Rule has been violated. A copy of such application shall be served upon the attorney for the Commonwealth, who shall also have the right to be heard thereon. Any order granting such application shall dismiss the charges with prejudice and discharge the defendant." Here, appellant contends that he orally joined two written motions to dismiss filed by his co-defendant. We can find no evidence in the record to support this contention.[4]

The judgment of sentence is affirmed.

1. 18 Pa.C.S. § 3701.

2. 18 Pa.C.S. § 903.

3. Pa.R.Crim.P. 1100(a)(2) provides that: "Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed."

4. Even if the record did support appellant's contention, an oral motion to dismiss is simply not sufficient to energize the protective remedies of the Rule. Rule 1100(f) requires that an application to dismiss be in writing. *Commonwealth v. Byrd*, 250 Pa.Super. 250,

HOFFMAN and SPAETH, JJ., concur in the result.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.

378 A.2d 921 (1977); *Commonwealth v. Evans,* 249 Pa.Super. 142, 375 A.2d 799 (1977). Rule 1100(f) is thus in accord with Pa.R. Crim.P. 304(a) which mandates that: "All pretrial applications for relief shall be in writing and presented under the name and style of application."