396 A.2d 720

**COMMONWEALTH of Pennsylvania**

v.

**Arnell THOMPSON, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 29, 1977.

Decided Dec. 29, 1978.

Petition for Allowance of Appeal Denied March 16, 1979.

212

John W. Packel, Assistant Public Defender, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before WATKINS, President Judge and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

Following a jury trial commenced on October 28, 1976, appellant was convicted of robbery,[1] criminal conspiracy,[2] possession of instruments of crime generally,[3] possession of instruments of crime—weapon,[4] possession of prohibited offensive weapons,[5] and aggravated assault.[6] Sentence was deferred pending pre-sentence reports and psychiatric examination. Post-trial motions for new trial and for arrest of judgment were denied, and sentence was subsequently imposed.

On appeal, appellant contends that the Commonwealth violated his rights to a speedy trial under Pa.R.Crim.P. 1100(a)(1)[7] and under Article IV(c)[8] of the Interstate

1. 18 Pa.C.S. § 3701.

2. 18 Pa.C.S. § 903.

3. 18 Pa.C.S. § 907(a).

4. 18 Pa.C.S. § 907(b).

5. 18 Pa.C.S. § 908(a).

6. 18 Pa.C.S. § 2702.

7. Pa.R.Crim.P. 1100(a)(1) provides that:
 "Trial in a court case in which a written complaint is filed against the defendant after June 30, 1973 but before July 1, 1974 shall commence no later than two hundred seventy (270) days from the date on which the complaint is filed."

8. Article IV(c) of the Interstate Agreement on Detainers provides that:
 "In respect of any proceeding made possible by this article, trial shall be commenced within one hundred twenty days of the arrival of the prisoner in the receiving state, but for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance."

Agreement on Detainers.[9] We find both issues waived, and thus affirm the judgment of sentence.

The facts important to our consideration of the issues are as follows. On April 20, 1974, appellant was arrested, and a complaint was filed charging him with simple assault [10] plus the offenses mentioned above. The charges stemmed from the April 19, 1974 robbery and shooting of a Philadelphia physician, Dr. Ross Noll. Appellant was arraigned on June 11, 1974, and a pre-trial conference was scheduled for July 9, 1974. Appellant failed to appear at the pre-trial conference, and a bench warrant was issued. Sixty-nine days later, on September 16, 1974, the Commonwealth located appellant in a New York prison, and on that date, the Commonwealth was directed to prepare a writ to secure his presence in Philadelphia. At court listings in September, October, and November, 1974, appellant was still listed as incarcerated in New York. On December 31, 1974, defendant was located in a Montgomery County prison in Pennsylvania. Appellant requested, and was granted, a six day continuance on January 7, 1975.

On January 8, two hundred fifty-five (255) days [11] after his initial arrest on April 20, 1974, appellant executed a waiver of his Rule 1100 rights, and was released on his own recognizance. In executing this waiver, appellant signed the indictment, and appellant's counsel conducted a lengthy colloquy before the lower court. The case was continued to February 13, 1975, and on that day, appellant did not appear in court. The next day, February 14, 1975, another bench warrant was issued, and the Commonwealth was unable to locate appellant until May 22, 1975, when it learned of his imprisonment in New York. A detainer warrant was lodged against him at that time. While in custody in New York

9. Act of September 8, 1959, P.L. 829, No. 324, § 1 (19 P.S. § 1431).

10. 18 Pa.C.S. § 2701.

11. Although, no doubt, there would be a number of days prior to January 8, 1975, which would be excluded from calculating the run time under Rule 1100(d)(1), a detailed calculation of this excludable time is unnecessary since appellant's waiver was executed well within the run time under Rule 1100(a)(1).

appellant was tried and convicted of charges outstanding there, and was sentenced on November 25, 1975. In the interim, on October 27, 1975, he signed the Detainer Agreement which notified him of the detainer lodged by Philadelphia authorities in the instant case.

On April 6, 1976, the Commonwealth requested appellant's return from the New York authorities, and appellant was returned on June 23, 1976. Appellant filed a petition to dismiss under Rule 1100(f), and a seven day continuance was granted by the court for disposition of appellant's motion. The motion to dismiss was denied on August 3, and the new run date for trial under Rule 1100 was designated as November 29, 1976. After a hearing on appellant's motion to suppress, trial was commenced on October 28, 1976, one hundred twenty-seven (127) days after appellant's return from the New York authorities.

Appellant first contends that his right to a speedy trial under Pa.R.Crim.P. 1100(a)(1) was violated in that his trial did not commence until after two hundred seventy (270) days from the date written complaints were filed against him. In connection with this contention, appellant asserts that the January 8, 1975 waiver of his rights under Rule 1100 was ineffective because he did not know he was waiving his Rule 1100 rights *ad infinitum.* We find the waiver to be effective, and thus the Rule 1100 issue is waived.

The Commonwealth has the burden of establishing the validity of the Rule 1100 waiver. *Commonwealth v. Myrick,* 468 Pa. 155, 360 A.2d 598 (1976). In *Myrick,* our supreme court held that the formal requirements for valid waivers are intended to assure that the decision to waive these rights is the informed and voluntary act of the defendant and can be shown to be such by reference to the record. "So long as there is an indication, on the record, that the waiver is the informed and voluntary decision of the defendant, it will be accorded prima facie validity." *Myrick, supra,* 468 Pa. at 160, 360 A.2d at 600. It should be noted that in *Myrick,* not only was there an on-the-record colloquy, but also a statement signed by the defendant and endorsed upon the indictment indicating his willingness that the trial time

be extended. *See also, Commonwealth v. Brown*, 248 Pa.Super. 134, 141, 374 A.2d 1354, 1358 (1977). "Thus the Commonwealth's claim that appellant waived the protection of rule 1100 is formally valid, for either the colloquy or the signed statement would by themselves be sufficient record indication that the waiver was, prima facie, informed and voluntary." *Myrick, supra*, 468 Pa. at 161, 360 A.2d at 601.

In the instant case, a colloquy was conducted at the lower court by appellant counsel. After adducing appellant's educational background,[12] appellant's counsel explained to appellant what Rule 1100 provides and asked him whether he wanted to waive his rights under it. Appellant responded affirmatively. (N.T. 3). Contrary to appellant's contention, the far-reaching effect of such waiver was brought to his attention during the colloquy.[13] In addition, appellant endorsed the indictment indicating his willingness to waive his Rule 1100 right. Since *either* the colloquy or the endorsed indictment would be sufficient under *Myrick* to constitute a waiver, we find that appellant has so waived his Rule 1100 rights.

Appellant next contends that his right to a speedy trial under the Interstate Agreement on Detainers was violated in that his trial did not commence until one hundred twenty-

12. Appellant testified that he was a high school graduate, and had attended one additional year of trade school. (N.T. 2). He also testified that he had never received psychiatric care, was not under the influence of drugs or intoxicants, and that he was not waiving his rights in response to any promises made to him by the Commonwealth. (N.T. 3, 4).

13. In response to questions by his counsel during the colloquy, appellant testified as follows:

"Q Now, is it your intention to—and do you know that the Commonwealth must provide you with a speedy trial and, if they do not provide you with a speedy trial, that you could have brought a motion under the Two Hundred and Seventy Day Rule; do you understand that?
A Yes.
Q And is it your intention to waive that today?
A Yes.
Q And that you are giving up *any* appellate rights you may have as to the use of the Two Hundred and Seventy Day Rule?
A Yes." (N.T. 3, 4) (emphasis added).

seven (127) days after his return to Pennsylvania, seven days beyond the statutory mandate. Although there is a question as to whether the lower court properly excluded a seven day continuance from its calculation of the one hundred twenty (120) day period, we need not consider this question since appellant failed to preserve the issue for appeal by making a pre-trial motion to dismiss under the Agreement on Detainers.

 Unlike Rule 1100, the Interstate Agreement on Detainers does not specify the time within which a motion to dismiss must be made in order to be timely. However, under Pa.R.Crim.P. 305,[14] pre-trial applications for relief, for example an application to dismiss, must be filed at least ten days before trial. In addition, one may waive the speedy trial right guaranteed by the federal and state constitutions by failure to assert a timely objection. *Commonwealth v. Lamonna,* 473 Pa. 248, 373 A.2d 1355 (1977); *Commonwealth v. Roundtree,* 458 Pa. 351, 326 A.2d 285 (1974). Even under Pa.R.Crim.P. 1100(f), a defendant must file his application for dismissal *before* trial begins or it will be seen as having been waived. *Commonwealth v. Lamonna, supra, Commonwealth v. Lewis,* 253 Pa.Super. 442, 385 A.2d 420 (1978).

 In the instant case, appellant made no pre-trial motion to dismiss under the Interstate Agreement on Detainers, and therefore, consideration of this issue is not properly before this court.

The judgment of sentence of the lower court is affirmed.

SPAETH, J., files a concurring and dissenting opinion.

WATKINS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.

SPAETH, Judge, concurring and dissenting:

I agree that appellant waived whatever rights he may have had under the Interstate Agreement on Detainers. I

14. Pa.R.Crim.P. 305 was renumbered to Pa.R.Crim.P. 307 and amended on June 29, 1977, effective as to cases in which the indictment or information is filed on or after January 1, 1978.

disagree, however, that he waived his rights under Rule 1100.

In *Commonwealth v. Coleman*, 477 Pa. 400, 383 A.2d 1268 (1978), the Supreme Court considered the efficacy of a Rule 1100 waiver form. The waiver form did not specify for how long a period the defendant was waiving his right to trial; nor did it inform the defendant that the result of a successful Rule 1100 motion would be final discharge. Since it therefore could not be said that the defendant's act of signing the form showed an understanding of the right he was waiving, the Court found the form of "no legal significance." 477 Pa. at 406; 383 A.2d at 1271. In doing so, the Court compared the form with the detailed explanations that must be given by a defendant before it may be found that he has waived his right to trial, by entering a guilty plea, *Commonwealth v. Ingram,* 455 Pa. 198, 316 A.2d 77 (1974), or his right to trial by jury, *Commonwealth v. Boyd*, 461 Pa. 17, 334 A.2d 610 (1975).

The waiver colloquy here was substantially identical to the waiver form in *Coleman*. Therefore, it too was of no legal significance.

The case should be remanded with instructions to the lower court to make a new computation of the period during which appellant had to be brought to trial under Rule 1100.