414 A.2d 1095

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Ronald W. SCOTT.**

Superior Court of Pennsylvania.

Argued March 22, 1978.

Filed Nov. 30, 1979.

William T. Nicholas, District Attorney, Norristown, for Commonwealth, appellant.

Charles S. Lieberman, Philadelphia, for appellee.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

PRICE, Judge:

This case arises from the order of the court of common pleas granting appellee's motion to dismiss due to a violation of Pa.R.Crim.P. 1100.[1]  For the reasons stated herein, we reverse that order and remand for trial.

---

1.  Pa.R.Crim.P. 1100(a)(2) provides:
    "Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed."

The facts pertinent to our decision are as follows. A criminal complaint was filed against appellee on October 1, 1976, charging him with recklessly endangering another person,[2] terroristic threats,[3] possessing instruments of crime,[4] firearm violation,[5] and assault.[6] The initial run date for Rule 1100 purposes was thus March 30, 1977. Trial was first scheduled for January 25, 1977, but on that date, appellee requested by written application a continuance due to the unavailability of his trial counsel. That application signed by appellee, contained the following language:

> "I have been advised and I am aware of the implications and consequences of the above application and I (have/do not have) objection to the continuance. I am further aware of my right to a prompt trial within 180 days from the date of the Complaint under Pa.Rules of Crim. Procedure, Rule 1100. I understand by requesting/agreeing to a continuance I hereby waive my rights to a prompt trial under Rule 1100."

Pursuant to the request, the trial court ordered the case passed to February 8, 1977. On that date, the case was not reached due to the prosecutor's personal backlog. On March 18, 1977, appellee requested another continuance owing to counsel's involvement with other matters. Although this application was delivered to the court with the suggested order "Passed to April 13, 1977", agreed to by both parties, the order was never signed by a judge. On April 13, 1977, the Commonwealth requested a continuance for the purpose of considering appellee for A.R.D. eligibility. This request, together with an order to re-activate the case for trial on May 16, 1977, with trial to be scheduled no later than 120 days from the date of the order, was again not signed by a judge. On June 7, 1977, appellee requested, and the Com-

2. 18 Pa.C.S. § 2705.

3. 18 Pa.C.S. § 2706.

4. 18 Pa.C.S. § 907.

5. 18 Pa.C.S. § 6106.

6. 18 Pa.C.S. § 2701.

monwealth did not oppose, a continuance due to his need for a knee operation. No action was taken on this application until July 12, 1977, when the court ordered the case re-activated on August 8, 1977, for trial no later than 120 days from the date of the order. On August 8, 1977, the Commonwealth requested, and appellee opposed, a one week continuance caused by the failure of a prosecution witness to appear. The application was approved and the court ordered the case to be relisted for trial on August 15, 1977. On that date, appellee's application to dismiss filed pursuant to Pa.R.Crim.P. 1100(f) was granted by the Honorable Richard Lowe, P. J. For the reasons stated herein, we cannot agree that such dismissal was proper.

Initially, we are convinced that the trial court correctly concluded that, absent any waiver, the Commonwealth failed to bring appellee to trial within the mandatory 180 days. We need not enter into a detailed examination of the myriad continuances of the case, however, for we find that appellee had effectively waived his Rule 1100 rights.

On the subject of waiver, this court has recently noted:

"The Commonwealth has the burden of establishing the validity of the Rule 1100 waiver. *Commonwealth v. Myrick*, 468 Pa. 155, 360 A.2d 598 (1976). In *Myrick*, our supreme court held that the formal requirements for valid waivers are intended to assure that the decision to waive these rights is the informed and voluntary act of the defendant and can be shown to be such by reference to the record. 'So long as there is an indication, on the record, that the waiver is the informed and voluntary decision of the defendant, it will be accorded prima facie validity.' *Myrick, supra*, 468 Pa. at 160, 360 A.2d at 600. It should be noted that in *Myrick*, not only was there an on-the-record colloquy, but also a statement signed by the defendant and endorsed upon the indictment indicating his willingness that the trial time be extended. *See also, Commonwealth v. Brown*, 248 Pa.Super. 134, 141, 374 A.2d 1354, 1358 (1977). 'Thus the Commonwealth's claim that appellant waived the protection of Rule 1100 is formally valid,

for *either* the colloquy or the signed statement would by themselves be sufficient record indication that the waiver was, prima facie, informed and voluntary.' *Myrick, supra*, 468 Pa. at 161, 360 A.2d at 601." *Commonwealth v. Thompson*, 262 Pa.Super. 211, 216, 396 A.2d 720, 722 (1978). (Emphasis added).

While the validity of a waiver is often a vexing question, we believe the instant fact situation to be reasonably straightforward. The waiver signed by appellee was quite explicit. Had trial indeed commenced as scheduled on January 25, 1977, the Rule 1100 limit would have been easily met. The wording of the waiver did not confine itself solely to the period of the continuance, but instead constituted a general waiver of Rule 1100 rights. As such, appellee cannot now be heard to complain that he was not brought to trial within 180 days.

The order of the court of common pleas is consequently reversed and the case remanded for trial.

CERCONE, President Judge, and HOFFMAN, J., dissent.

JACOBS, former President Judge, and SPAETH, J., did not participate in the consideration or decision of this case.