416 A.2d 1097

**COMMONWEALTH of Pennsylvania**

v.

**Norman ELLIS, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted July 30, 1979.

Filed Dec. 21, 1979.

Stanley Bashman, Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, Chief, Appeals Division, Philadelphia, for Commonwealth, appellee.

Before WATKINS, MANDERINO and CIRILLO, JJ.*

WATKINS, Judge:

This is an appeal from the judgment of sentence of the Court of Common Pleas of Philadelphia County by the defendant-appellant, Norman Ellis, Jr., after conviction, non-jury, of murder in the third degree and possession of an instrument of crime. Post-trial motions were denied and he was sentenced to serve eight to twenty (8 to 20) years imprisonment on the murder charge and one to two (1 to 2) years on the possession of instrument of crime charge. Sentences were to run concurrently.

The police officers testified that 46 year old Mrs. Paro Bonneau was found on the steps of a home on Fifty-Third Street, Philadelphia. She had been shot in the abdomen. A crowd had gathered to watch a fight occurring between two men, the defendant and a James Turner. The combatants were placed in a police wagon and although no weapons were found on their persons, a .22 caliber revolver containing three spent cartridges and two live rounds was found in the police vehicle.

Two months after the shooting, Mrs. Bonneau died. The cause of death was a single gun shot wound. A .22 bullet had lodged in her back. The firearms examiner testified that the bullet had been fired from the revolver that had been retrieved from the police wagon.

Three eye witnesses were produced by the Commonwealth. The daughter of the deceased testified that she saw James Turner, a friend of the decedent in an argument with the defendant concerning a prior incident. Her mother approached the scene. The defendant left and went into the house. When he reappeared, he was standing six feet from

---

* Justice Louis L. Manderino of the Supreme Court of Pennsylvania, and Judge Vincent A. Cirillo of the Court of Common Pleas of Montgomery County, Pennsylvania, are sitting by designation.

where the witness was standing and was between her mother and James Turner. Suddenly he drew a gun and fired a shot which struck her mother. He then said: "I'm tired of this. I'm going to shoot", and fired two more shots, one of which grazed the face of James Turner. The testimony of Turner corroborated the testimony of the daughter of the deceased. Ms. Wilma Miller, a neighbor, was also present at the shooting and testified that her attention had been attracted by the argument and that a man suddenly started shooting. She was unable to identify the shooter, but testified that she saw no wrestling or struggling before the shooting.

The defendant's testimony by three witnesses was to the effect that the revolver was in the hand of Turner and that the defendant was wrestling with him to take possession of the gun. The witnesses in question were the defendant's sister, his girlfriend and a neighbor. They testified that the weapon was discharged but they did not know who pulled the trigger. One of the witnesses, the girlfriend of the defendant who had been placed in the police wagon with the defendant testified that she observed Turner place the revolver in the wagon.

The questions raised by the defendant are all concerned with the sufficiency of the evidence. From the above facts and the requirement that the evidence must be viewed, on appeal, in the light most favorable to the Commonwealth and that conflicts in the testimony and its credibility is for the fact finder, the contention that there was insufficient evidence to support the conviction of third degree murder is without merit. *Commonwealth v. Siiams*, 260 Pa.Super. 409, 394 A.2d 992 (1978); *Commonwealth v. Myrick*, 468 Pa. 155, 360 A.2d 598 (1976).

Judgment of sentence affirmed.

This decision was reached prior to the death of MANDERINO, J.