## Commonwealth v. Hevers

*David Tomaine,* for Commonwealth.
*William Lee,* for defendant.

MUNLEY, *J.*, March 5, 1980—This matter is before the court on cross-petitions, one by the Commonwealth to obtain an extension of time in which to bring this defendant to trial and one by defendant to dismiss the charges against him. The record shows that defendant was arrested on April 7, 1979 and that his case was called for trial on September 27, 1979. At that time he waived, on the record, his right to a speedy trial under Pa.R.Crim.P. 1100 during the pendency of his first A.R.D. petition, which had been filed July 5, 1979. His waiver was accepted by Judge Walsh. His A.R.D. petition was denied on January 4, 1980, and defendant was scheduled for trial on January 24, 1980. On January 23, 1980 he filed his motion to dismiss under Rule 1100.

There is some question here as to the extent of the waiver. We think the record clearly indicates that defendant intended to waive his right to trial during the pendency of his A.R.D. petition notwithstanding the reference to a continuance that appears in the record. A continuance is a procedural remedy which must be sought on motion, Pa.R.Crim.P. 301, while a waiver is a forfeiture of a right which comes about either by a failure to properly assert the right, Com. v. Thompson, 262 Pa. Superior Ct. 211, 396 A. 2d 720 (1978), or by a voluntary waiver: Com. v. Myrick, 468 Pa. 155, 360 A. 2d 598 (1976). The waiver here was clear and unequivocal and defendant will be bound by it, any continuance notwithstanding.

Nevertheless, the record shows that the Commonwealth's petition was not timely filed. At the time of defendant's voluntary waiver 173 days had run under the rule. His application was denied on January 4, 1980 and at that time his waiver ex-

pired. The Commonwealth's petition was not filed until January 24, 1980, some 193 non-excludable days after the arrest was made. The Commonwealth argues that because defendant's A.R.D. petition was filed on July 5, 1979, the running of the rule should be tolled from that date through January 4, 1980. We disagree. The A.R.D. application is fundamentally no different from any pretrial motion in that, while its filing does not toll the rule, its pendency may be grounds for an extension. Cf. Com. v. Mancuso, 247 Pa. Superior Ct. 266, 372 A. 2d 454 (1977); Com. v. Millhouse, 239 Pa. Superior Ct. 445, 362 A. 2d 398 (1976)[1]. While there are no reported cases in this developing area of criminal law which discuss this specific issue, Pa.R.Crim.P. 181 seems to support our reasoning. It clearly states that further proceedings against an indicted defendant shall be postponed only after a post-indictment petition has been accepted. Should the court refuse to accept a petition "the case shall proceed in the same manner as if these proceedings had not taken place." Pa.R.Crim.P. 183. We are therefore hard pressed to hold that the filing of the petition, without more, will toll the rule.

For these reasons the petition to extend is denied and the motion to dismiss will be granted.

ORDER

Now, March 5, 1980, the motion to dismiss is granted.

---

1. Reversed on other grounds, 470 Pa. 512, 368 A. 2d 1273 (1977).