435 A.2d 1270

**COMMONWEALTH of Pennsylvania**

v.

**Clarence ALLEN, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 21, 1981.

Filed Oct. 16, 1981.

Petition for Allowance of Appeal Denied Feb. 16, 1982.

---

Arthur J. King, Chief, Appeals Division, Assistant Public Defender, Norristown, for appellant.

David M. McGlaughlin, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before HESTER, DiSALLE and POPOVICH, JJ.

DiSALLE, Judge:

Appellant, Clarence Allen, was found guilty in a jury trial of forgery[1] and criminal attempt.[2] Following the denial of post-trial motions appellant was sentenced to concurrent terms of imprisonment of not less than two and one-half years nor more than five years. A subsequent Motion to Modify Sentence was denied and this appeal followed.

The criminal complaint against appellant was filed on September 15, 1978. The Commonwealth was therefore, required by Pa.R.Crim.P. 1100 to bring appellant to trial by March 14, 1979. On March 2, 1979, appellant, appearing without counsel, requested the lower court to continue his case[3] for two weeks so that the court could assign him a second public defender.[4] The Commonwealth agreed to the continuance, but only if appellant signed a Rule 1100 waiver. After appellant signed the waiver, the court granted the

1. 18 Pa.C.S.A. § 4101.

2. 18 Pa.C.S.A. § 901.

3. Appellant has two other appeals pending before this Court. In one, Superior Court No. 2206 October Term, 1979, he was found guilty of Theft by Deception and Criminal Attempt. In the other, Superior Court No. 555 Philadelphia, 1980, he was found guilty of Theft by Deception and Bad Check. The request pertained to all three cases.

4. Appellant released the first public defender assigned to him after plea negotiations for all three cases were unsuccessful.

continuance, and ordered the case reactivated in two weeks. The court also allowed the Commonwealth 120 days from March 2, 1979, within which to try the case.

On June 29, 1979, one day before the 120 day extension was to expire, the Commonwealth petitioned for an extension of time. On August 6, 1979, appellant filed a Motion for Dismissal under Rule 1100. Following an evidentiary hearing, the court filed an Order which granted the Commonwealth until September 21, 1979, within which to commence trial, and dismissed appellant's motion. Appellant's trial commenced on September 18, 1979.

Appellant's first argument is that the lower court erred in granting the Commonwealth the March 2, 1979, 120 day extension because he had requested and agreed to only a two week extension. He argues that he did not read the waiver or the order of court granting the extension, nor was he orally informed of the longer extension. Appellant concludes that any waiver of Rule 1100, for more than the two weeks he requested, was not knowingly and intelligently made and, pursuant to Rule 1100, his case should be dismissed. *Commonwealth v. Coleman*, 477 Pa. 400, 383 A.2d 1268 (1978).

In *Commonwealth v. Myrick*, 468 Pa. 155, 360 A.2d 598 (1976) the Court held that it is the Commonwealth's burden to prove the validity of a waiver. The Court observed that "so long as there is an indication, on the record, that the waiver is the informed and voluntary decision of the defendant, it will be accorded prima facie validity." *Id.*, 468 Pa. at 160, 360 A.2d at 600. A waiver of Rule 1100 is formally valid of record if a proper colloquy is conducted or the defendant signs a waiver. *Id.*, 468 Pa. at 161, 360 A.2d at 601. Here, appellant signed the waiver. Appellant's bald contention that he did not read the waiver or the order of court is insufficient to defeat the "prima facie validity" of the waiver. We find *Commonwealth v. Scott*, 272 Pa.Super. 236, 414 A.2d 1095 (1979), to be controlling. In *Scott*, this court ruled that the waiver signed by the defendant constituted a general waiver of his Rule 1100 rights. The waiver

in the instant case is more comprehensive in its explanation of a defendant's rights under Rule 1100 than the waiver approved in *Scott.* Furthermore, in *Scott,* as in the instant case, the defendant was not represented by counsel. We hold, therefore, that the waiver signed by appellant was a general waiver of his Rule 1100 rights, properly limited to a 120 day extension.

Appellant next argues that the lower court erred in denying his demurrer which was based upon the Commonwealth's alleged failure to prove all of the substantive elements of the crime of forgery as stated in the Bill of Information. The appellant argues that the language in the Bill of Information is conjunctive, requiring the Commonwealth to prove each element contained in the Bill. The critical language is: "that he [, appellant, while] ... facilitating a fraud or injury ... did make, complete, execute, authenticate, issue, transfer or utter as altered" a check.

Appellant's interpretation is erroneous. The language in the Bill is disjunctive, so that the Commonwealth is required to prove only one of the aforementioned actions. "The purpose of an indictment, and of an information, is to provide the accused with sufficient notice to prepare a defense, and to insure that he will not be tried twice for the same act." *Commonwealth v. Rolinski,* 267 Pa.Super. 199, 202, 406 A.2d 763, 764 (1979). An information is "valid and sufficient in law if it contains * * * a plain and concise statement of the essential elements of the offense substantially the same as or cognate to the offense alleged in the complaint; ...." Pa.R.Crim.P. 225(b)(5). In the instant case, the Bill of Information did comply with Pa.R.Crim.P. 225(b)(5).

The Commonwealth presented sufficient evidence to prove appellant's guilt beyond a reasonable doubt. *Commonwealth v. Danchision,* 270 Pa.Super. 112, 410 A.2d 1274 (1979). The Commonwealth's evidence established, inter alia, that appellant opened the checking account in his name only, with a forged check, drawn on a closed checking

account. A handwriting expert testified that the signature on the forged check was in appellant's handwriting. The demurrer, therefore, and appellant's related Motion for Binding Instructions were properly denied.

As a second reason for his demurrer, appellant argues that the Commonwealth failed to present evidence that he performed an act that constituted the taking of a substantial step toward the commission of the crime of theft by deception. This was also properly denied by the lower court. Appellant's opening of the checking account with a forged check was more than mere preparation, it was a substantial step toward execution, sufficient to convict appellant of criminal attempt to commit theft by deception. *Commonwealth v. Eagan*, 190 Pa. 10, 42 A. 374 (1899).

Appellant's fourth argument is that the court erred in failing to dismiss all charges against him because of the Commonwealth's failure to timely file the Bills of Information. The Bills, although filed with the Clerk of Courts, did not bear a time stamp as is customary. The time stamp is used only to establish that the Bills are timely and properly filed, and failure to stamp the Bills is not grounds for dismissal. In the present case, there is no question that the Bills were timely and properly filed following appellant's in-court arraignment.

Appellant's final argument is that the court erred in failing to suppress his in-court identification. The bank officer who opened appellant's fraudulent checking account identified appellant's photograph from an array of eight photographs. Appearing on appellant's photograph, and on two other photographs, were tiny portions of police identification plaques. Appellant argues that this caused the array to be unduly suggestive and required the suppression of the bank officer's in-court identification.

The court's refusal to suppress the in-court identification was proper. In *Commonwealth v. Thomas*, 278 Pa.Super. 39, 419 A.2d 1344 (1980) we stated:

Subsequent to a suggestive out of court confrontation, an in-court identification is admissible if, considering the totality of circumstances, the in-court identification had an independent origin sufficiently distinguishable from the illegal encounter so as to be purged of the primary taint.... Such an independent basis need only be established by the Commonwealth by clear and convincing evidence.

*Id.*, 278 Pa.Super. at 44, 419 A.2d at 1347 (Citations omitted). In the present case, the bank officer had a strong independent basis for her in-court identification. She was near the appellant for four or five minutes, had an opportunity to have a good look at him, under calm, well-lighted conditions, and gave a good description of him to the police.

Judgment of sentence affirmed.