719 A.2d 227

**COMMONWEALTH of Pennsylvania, Appellee,**

**v.**

**Dhanniel VEGA, a/k/a Daniel Vega, Appellant.**

Supreme Court of Pennsylvania.

Submitted Feb. 5, 1998.

Decided Oct. 1, 1998.

---

256

Arthur K. Dils, Harrisburg, for Daniel Vega.

Francis T. Chardo, Harrisburg, for the Com.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO and NEWMAN, JJ.

## OPINION ANNOUNCING THE JUDGMENT
## OF THE COURT

NIGRO, Justice.

Appellant, Dhanniel Vega, appeals from the Superior Court's affirmance of his conviction for Theft by Receiving Stolen Property. The issue presented to this Court is whether Appellant's express waiver of his right to be present during his trial was knowing and intelligent and thus a valid waiver. For the reasons presented herein we reverse.

Although Appellant had been represented by the Public Defender's Office since June 13, 1994, Appellant filed a number of pro-se pre-trial motions, including a motion to dismiss under Pa.R.Crim.P. 1100. During a pre-trial conference, Appellant expressed dissatisfaction with the Public Defender and requested that counsel be appointed from outside the Public Defender's Office. The trial court explained to Appellant that he essentially had three choices: 1) hire a private attorney; 2) accept the attorney designated by the Court; or 3) represent himself. Following the trial court's refusal to appoint new counsel, Appellant informed the Court that he was waiving his right to be present during his trial. The following exchange occurred:

The Court: Mr. Vega, do you wish to be present during the conduct of your trial?

The Defendant: Your honor, I want my constitutional rights to be exercised. I'm requesting a court-appointed lawyer who gives me the fair representation that I deserve.

The Court: Mr. Vega, don't interrupt me again or I will remove you from the courtroom. We are now going to proceed with one of your constitutional rights and that is a trial by jury. You've requested a lawyer. Mr. Zugay is going to represent you.

The Defendant: He's not going to represent me.

The Court: Do you wish to be present and—

The Defendant: You guys can do whatever you want to do.

The Defendant: I want a court-appointed lawyer. I want a court-appointed lawyer. My constitutional rights are violated. I want a lawyer to represent me fairly.

The Court: Mr. Vega, you've been absolutely clear to me on that point. You've never wavered from that desire. Mr. Zugay, it's clear to me that he wants a court-appointed lawyer. You have one, and its Mr. Zugay. Now—

The Defendant: I want a court-appointed lawyer that's going to represent me fairly and go through my case the way its supposed to go. This is from two [sic] year ago.

The Court: Okay.

The Defendant: I've been incarcerated against my will. They have violated all my Constitutional rights. The courts, district attorney's office, that lawyer, and I not [sic] just going to lead my life –

The Court: Save your speech; save your speech.

The Defendant: You can have a trial without me.

The Court: Do you want a trial by jury?

The Defendant: I want a court-appointed lawyer, sir.

The Court: You have that.

The Defendant: I don't have that. I have—

The Court: All right. We're going to have a trial by jury. He's non-responsive. Do we still have a panel?

Mr. Zugay: May [the prosecutor] and I approach?

The Court: Sure.

The Defendant: Your honor, I want to go back. I don't have to be here for nothing like this.

The Court: We're on the record?

The Defendant: You have violated my rights. I have the right to waive my rights. I want to leave. Take me back. You guys do whatever you want without me. I wanted a fair representation. I can't get it. You violated my rights. Why should I get a jury trial? You go ahead and do whatever you want to do.

The Court: Yes, you don't have to be present, sir. So you are excused from the trial of this case.

Following this exchange, a jury trial proceeded in Appellant's absence. At the conclusion, Appellant was convicted of Theft by Receiving Stolen Property and sentenced to one to five years imprisonment. Prior to sentencing, new counsel was appointed to represent Appellant. Appellant was sentenced to one to five years imprisonment. On appeal, Appellant challenged whether his constitutional rights were violated in that he was not present during the trial of his case. The Superior Court affirmed.

While this Court has addressed those situations where a defendant has impliedly waived his right to be present at trial through his conduct or voluntary unexplained absence, we have not reviewed a defendant's express waiver of that right. Thus, we granted allocatur to determine whether Appellant knowingly and intelligently waived his right to be present at trial when there was no pre-trial colloquy.

Appellant asserts the absence of a colloquy concerning the waiver of his right to be present during trial evidences that he did not fully comprehend the consequences of his request to be removed from the courtroom including the forfeiture of his right to confront witnesses under the Sixth Amendment.[1] Appellant also presents the claim that he did not knowingly waive his right to testify at trial.[2]

The Sixth Amendment to the United States Constitution guarantees the right of an accused to be present in court at every stage of a criminal trial. A defendant who has not been charged with a capital offense may, however, waive that right either expressly or impliedly. *Commonwealth v. Tizer,* 454 Pa.Super. 1, 4, 684 A.2d 597 (1996) citing *Common-*

---

1. Appellant raises a challenge only to Sixth Amendment protections under the United States Constitution, and raises no claim as to Article 1, Section 9 of the Pennsylvania Constitution or the Pennsylvania Rules of Criminal Procedure.

2. While this assertion has been inadequately briefed, since it is subsumed within his Sixth Amendment claim, we will nonetheless address the claim on the merits.

*wealth v. Ford,* 539 Pa. 85, 100–01, 650 A.2d 433, 440 (1994), *cert. denied,* 514 U.S. 1114, 115 S.Ct. 1970, 131 L.Ed.2d 859 (1995). The burden is on the Commonwealth to establish a knowing and intelligent waiver of a constitutional right by a preponderance of the evidence. *Commonwealth v. Scarborough,* 491 Pa. 300, 421 A.2d 147 (1980). For an individual to be able to make a knowing and intelligent waiver of a constitutional right, he must have been aware of both the nature of the constitutional right and the risk of forfeiting the same. If all of the necessary information concerning the nature and risk of forfeiture of the constitutional right is communicated to the individual, his waiver will not be disturbed. *Commonwealth v. Logan,* 519 Pa. 607, 549 A.2d 531 (1988). The focal point of this analysis is whether the Appellant made an informed choice. *Commonwealth v. Carey,* 235 Pa.Super. 366, 372, 340 A.2d 509, 511 (1975).

While this Court has not addressed what colloquy is adequate to establish a knowing and intelligent waiver when a defendant expressly waives his right to be present during trial, we have required of record, a full and complete colloquy to determine whether defendant's waiver of other constitutional protections is knowing and intelligent. For example, we have required such a colloquy in the context of waiving the right to counsel, the right to a jury trial, and entering a guilty plea as opposed to proceeding to trial. See *Commonwealth v. Brazil,* 549 Pa. 321, 701 A.2d 216 (1997) (trial court must thoroughly conduct on-record inquiry into defendant's appreciation of right to effective assistance of counsel and to represent oneself at trial, record must show that defendant was offered counsel but intelligently and understandingly rejected the offer, and anything less is not waiver of counsel); *Commonwealth v. Williams,* 454 Pa. 368, 312 A.2d 597 (1973) (on the record inquiry must be conducted for waiver of jury to be knowing and intelligent); *Commonwealth v. Morin,* 477 Pa. 80, 383 A.2d 832 (1978) (colloquy concerning waiver of jury trial must appear on the record, must indicate at a minimum that defendant knew essential protections inherent in jury trial as well as consequences attendant upon relinquishment of

those safeguards); *Commonwealth v. Szekeresh,* 357 Pa.Super. 149, 515 A.2d 605 (1986) (record, which showed that judge conveyed all necessary information and specifically addressed possibility that joint representation could result in conclusion of specific defense for individual defendant, supported conclusion that defendant made knowing and intelligent waiver of his right to individual representation); *Commonwealth v. Ingram,* 455 Pa. 198, 316 A.2d 77 (on the record colloquy must ascertain from the defendant that guilty plea is voluntarily and understandingly tendered).

In *Commonwealth v. Myrick,* 468 Pa. 155, 360 A.2d 598 (1976), this Court analogized the requirements for a valid waiver of an accused's right to a prompt trial to the formal requirements for a valid waiver of other important rights. The Court in *Myrick* observed that:

[a]ll of these formal requirements for a waiver are intended to assure one thing that the decision to waive these rights is the informed and voluntary act of the defendant and can be shown to be such by reference to the record. So long as there is an indication, on the record, that the waiver is the informed and voluntary decision of the defendant, it will be accorded prima facie validity. Absent this record indication of validity, the waiver will be ineffective. Moreover, these are merely formal indications of validity. In any waiver situation, the defendant may still attempt to prove that the waiver is invalid by showing it was unknowing, unintelligent or involuntary.

*Commonwealth v. Myrick,* 468 Pa. at 160–61, 360 A.2d at 600.

■ In the instant case, Appellant specifically informed the court he did not wish to be present during his trial. As indicated by the testimony, the court conducted no colloquy to advise Appellant of the consequences of waiving his right to be present during his trial, particularly those rights which the Appellant would forfeit should he choose to absent himself from the trial proceedings. Specifically, Appellant was not advised that his absence would effect a waiver of his Sixth Amendment right to be present during trial including the impaneling of the jury, and his Fifth Amendment right to

testify on his own behalf. Additionally, any challenge to a defendant's Sixth Amendment right to effective counsel is limited since a defendant who waives his right to be present during trial is unavailable to aid counsel in his representation, and cannot later claim counsel's trial strategy unreasonable.[3]

While this court appreciates the trial court's frustration with Appellant, we do not find that the inquiry as conducted by the trial court is sufficient to establish that Appellant made a knowing and intelligent waiver of his right to be present during trial. While we do not require a rote dialogue such as that required for entry of a guilty plea[4] or mandate any specific language, the inquiry must be calculated to insure a defendant is aware of the dangers and disadvantages of waiving his right to be present during trial. Such an inquiry would necessarily include, at a minimum, a discussion of whether the defendant understands that if trial proceeds without his presence: (1) he would be unable to participate in the selection of a jury; (2) he waives his right to confront and cross-examine witnesses; (3) he will not be present to testify in his own defense; and (4) any claim challenging effective assistance of counsel will be severely limited since the defendant has chosen not to participate in his defense and will be unable to aid counsel during trial. Where the record contains no such inquiry there can be no valid waiver of the right to be present at trial. Since Appellant's purported waiver was accepted without such an inquiry it cannot stand. Therefore, we reverse and remand for a new trial. Jurisdiction relinquished. .

SAYLOR, J., did not participate in the consideration or decision of this case.

3. *See Commonwealth v. Tizer*, 454 Pa.Super. 1, 4, 684 A.2d 597 (1996) (defendant who waives right to be present during trial will not be able to aid counsel in factual issues which may arise during course of trial and is unable to assist counsel regarding certain questioning during cross-examination).

4. *See Commonwealth v. Willis*, 471 Pa. 50, 369 A.2d 1189 (1977) (inquiry into six areas is mandatory during a guilty plea colloquy).

ZAPPALA, J., concurs in the result.

NEWMAN, J., files a dissenting opinion in which CASTILLE, J., joins.

NEWMAN, Justice, dissenting.

I respectfully dissent because I cannot agree with the Majority's conclusion that Appellant did not knowingly waive his right to be present at trial. Instead, I believe that the trial court correctly determined that Appellant "expressly waived his presence at trial when he was unable to obtain his own way with regard to counsel and dismissal of the charges." Trial Court Opinion dated August 9, 1996 at 6. Accordingly, Appellant forfeited his Sixth Amendment right to confront witnesses against him.

A defendant may waive his constitutional rights to be present at trial and to confront witnesses, either by way of an express waiver or because of his conduct. *Illinois v. Allen,* 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970); *Taylor v. United States,* 414 U.S. 17, 94 S.Ct. 194, 38 L.Ed.2d 174 (1973). In *Allen,* the criminal defendant engaged in speech and conduct so noisy, disorderly, and disruptive that a trial was "wholly impossible." *Illinois v. Allen,* 397 U.S. at 338, 90 S.Ct. 1057. The defendant objected to court appointed counsel and indicated that he wanted to act in his own defense. After that, he continued to be disrespectful and threatened to kill the judge. The trial court warned the defendant that if his outbreaks continued, it would remove him from the trial. The defendant responded, "There's not going to be no trial either." *Id.* at 340, 90 S.Ct. 1057. The defendant continued with his disruptive conduct. Finally, after repeated warnings that he would be removed from the courtroom, the trial court had the defendant removed. The Supreme Court explicitly held that

[A] defendant can lose his right to be present at trial if, after he has been warned by the judge that he will be removed if he continues his disruptive behavior, he nevertheless insists on conducting himself in a manner so disor-

derly, disruptive, and disrespectful of the court that his trial cannot be carried on with him in the court room.

*Id.* at 343, 90 S.Ct. 1057.

In *Taylor, supra,* the defendant appeared for trial in the morning, but did not return to the courtroom in the afternoon. The trial court recessed the trial until the following morning, but the defendant did not appear. The trial court continued the trial, after advising the jury that it could not infer guilt from petitioner's absence. The Supreme Court held that defendant's voluntary absence from trial was an effective waiver of a known privilege or right. In so holding, the Supreme Court did not adopt a standard that would require the trial court to demonstrate that it had expressly warned the defendant that he had a right to be present, or that the trial would continue in his absence and by that effectively foreclose defendant's right to testify and to confront personally the witnesses against him. Instead, the Supreme Court suggested a review of the totality of the circumstances to determine whether the defendant's absence was knowing and intelligent. The Supreme Court stated

> It is wholly incredible to suggest that petitioner, who was at liberty on bail, had attended the opening session of his trial, and had a duty to be present at the trial . . . entertained any doubts about his right to be present at every stage of his trial. It seems equally incredible to us . . . 'that a defendant who flees from a court room in the midst of trial—where judge, jury, witnesses and lawyers are present and ready to continue—would not know that as a consequence the trial would continue in his absence.'

*Taylor,* 414 U.S. at 20, 94 S.Ct. 194 (citations omitted.)

I see no difference in this case where the Appellant refused to attend the trial unless the court appointed new counsel and the *Taylor* situation in which a defendant was present for trial one day and then failed to appear during subsequent days of trial. I also see no real distinction between Appellant's refusal to participate in the trial unless he obtained new counsel, and the disruptive behavior in *Allen,* which led to the defen-

dant's removal from the courtroom. As in *Allen*, Appellant made the deliberate decision to absent himself from trial, foregoing his right to a jury trial. Obviously, if the defendant is not present at the trial, he cannot testify and cannot confront the trial witnesses. *See also, Commonwealth v. Sullens*, 533 Pa. 99, 619 A.2d 1349 (1992) (holding that where a defendant failed to appear at trial, he waived the right to be present because there was no question that defendant knew the date of the proceeding); *Commonwealth v. Wilson*, 551 Pa. 593, 712 A.2d 735 (1998) (deciding that defendant who was present for one day of trial and absconded the next day, knowingly waived right to be present at trial).

From a thorough review of the relevant record, Appellant clearly said that he did not want to be in the courtroom, and the trial court appropriately allowed the Appellant to absent himself. Appellant was aware of his right to be present at trial and repeatedly sought to waive it. He specifically stated that he waived his rights and that if counsel continued to represent him, he would "plead the fifth." (Notes of Testimony, March 12, 1996, N.T. at 31). He even stated:

> You have violated my rights. I have the right to waive my rights. I want to leave. Take me back. You guys do whatever you want without me. I wanted a fair representation. I can't get it. You violated my rights. Why should I get a jury trial? You go ahead and do whatever you want to do.

(*Id.* at 32–33). The trial court specifically asked Appellant if he wanted to be present for the trial, and the Appellant replied, "You can have a trial without me." (*Id.* at 32).

These excerpts amply show that the Appellant made the deliberate decision to waive his constitutional rights, and that the trial court ensured that the Appellant knew that the trial would proceed without him. Moreover, the trial did not begin until the next day, giving the Appellant plenty of time to "cool off", reconsider and appear at trial. (*Id.* at 37–38). Further, the trial court properly instructed the jury that they could not draw any negative inference from the Appellant's failure to testify or his failure to appear at trial, and the Appellant was

in the court room when the jury returned its verdict. (*Id.* at 80–81, 89).

In light of the totality of the circumstances, Appellant did not suffer any prejudice from the trial court's failure to conduct an exhaustive colloquy, which it was impossible to do because of Appellant's behavior. The record appears clear that Appellant would have insisted upon not attending the trial unless the trial court appointed new counsel, and a lengthy colloquy would not have changed this Appellant's mind. Under the circumstances presented here, requiring the trial court to engage in a protracted colloquy in the face of an uncooperative and disruptive defendant would serve no purpose.

For these reasons, I would affirm the decision of the Superior Court.

CASTILLE, J., joins in this dissenting opinion.