J-S37005-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DAVID L. BAYNES | |
| Appellant | No. 378 WDA 2015 |

Appeal from the Judgment of Sentence February 3, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0000244-2014;
CP-02-CR-0002773-2014

BEFORE: GANTMAN, P.J., SHOGAN, J., and LAZARUS, J.

MEMORANDUM BY GANTMAN, P.J.: **FILED AUGUST 09, 2016**

Appellant, David L. Baynes, appeals from the judgment of sentence entered in the Allegheny County Court of Common Pleas, following his jury trial convictions of rape, involuntary deviate sexual intercourse ("IDSI"), sexual assault, indecent assault, indecent exposure, and simple assault.[1] We affirm the convictions but vacate the judgment of sentence and remand for resentencing.

The relevant facts and procedural history of this case are as follows. On the night of December 30, 2013, S.H. was ousted from a drug recovery house for failing a urine test. S.H. called Appellant and asked if she could

_____

[1] 18 Pa.C.S.A. §§ 3121(a)(1), 3123(a)(1), 3124.1, 3126(a)(1), 3127(a), 2701(a)(1), respectively.

temporarily stay at Appellant's apartment until she was able to return to the recovery house. Appellant agreed to let S.H. stay at his apartment. S.H. arrived at the apartment, where Appellant was drinking alcohol and using cocaine. Appellant repeatedly pulled down his pants and asked S.H. to perform oral sex on him, but she refused. At some point, S.H. took a nap and woke up to Appellant standing over her with his pants off. Appellant again told S.H. to perform oral sex on him. S.H. started to gather her belongings to leave the apartment. Appellant then apologized and tried to kiss S.H. S.H. told Appellant to move out of her way and let her leave. Appellant then struck S.H. on the head, ripped her shirt off, and forced her to perform oral sex on him. After, Appellant threw S.H. onto the bed and hit her again while struggling to remove her pants. Appellant then had forcible vaginal intercourse with S.H.

Appellant's arrest generated media coverage and prompted M.S. to contact the police and report a prior incident involving Appellant. M.S. alleged that on October 21, 2013, she was using drugs with Appellant when he grabbed her by the throat, pulled her hair, and forced her to perform oral sex on him. M.S. alleged Appellant then pushed her onto a bed and had forcible vaginal intercourse with her.

The Commonwealth charged Appellant with rape, IDSI, sexual assault, indecent assault, indecent exposure, and simple assault, in connection with the incident involving S.H. With respect to the incident involving M.S., the

Commonwealth charged Appellant with rape, IDSI, sexual assault, aggravated indecent assault, indecent assault, indecent exposure, and simple assault. At a hearing on October 28, 2014, Appellant told the court he wanted a new court-appointed attorney. Appellant's counsel at that time was Appellant's third court-appointed attorney. The court denied Appellant's request. After a discussion with the court, Appellant decided he did not wish to participate in jury selection. On October 29, 2014, prior to the start of trial, Appellant indicated he did not want to be present for trial either. The court conducted a colloquy regarding Appellant's waiver of his right to be present at trial. Appellant confirmed he wanted to leave, and he was escorted out of the courtroom. Appellant appeared in court on the second day of trial and was present for the remainder of the trial.

The jury convicted Appellant of all charges in connection with the incident involving S.H. The jury also convicted Appellant of simple assault with respect to M.S. but acquitted Appellant of the remaining counts. On February 3, 2015, the court sentenced Appellant to consecutive terms of ten (10) to twenty (20) years' incarceration for the rape and IDSI convictions. The court also imposed a consecutive term of five (5) to ten (10) years' incarceration for sexual assault. The court imposed no further penalty for the remaining convictions. Thus, the court imposed an aggregate sentence of twenty-five (25) to fifty (50) years' incarceration. Appellant timely filed a notice of appeal on March 5, 2015. The court ordered Appellant to file a

- 3 -

J-S37005-16

concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b).

After the court granted an extension, Appellant timely complied.[2]

> Appellant raises the following issue for our review:
>
> DID THE [TRIAL] COURT COMMIT AN ERROR OF LAW
> WHEN IT FAILED TO CONDUCT, AS IT MUST WHEN
> DEALING WITH THE WAIVER OF A CONSTITUTIONAL
> RIGHT UNDER BOTH THE UNITED STATES AND
> PENNSYLVANIA CONSTITUTIONS, A FULL AND COMPLETE
> COLLOQUY REGARDING APPELLANT'S WAIVER OF HIS
> RIGHT TO BE PRESENT AT HIS TRIAL, AND THEREBY
> FAILED TO ENSURE THAT APPELLANT KNOWINGLY AND
> INTELLIGENTLY WAIVED HIS RIGHTS?

(Appellant's Brief at 6).

Appellant argues his waiver of his constitutional right to be present at the jury trial was not knowing and intelligent. Appellant contends the court failed to conduct an adequate colloquy pursuant to *Commonwealth v. Vega*, 553 Pa. 255, 719 A.2d 227 (1998) (plurality), to ensure Appellant understood the consequences of his failure to attend trial. Appellant asserts the court merely informed him that he might hear evidence at trial which he

_____

[2] On June 23, 2016, Appellant filed with this Court a *pro se* "emergency letter of termination of appellate counsel and stay in abeyance." Appellant filed his *pro se* motion after counsel and the Commonwealth had already submitted appellate briefs. Therefore, Appellant may not terminate counsel's representation and proceed *pro se* at this stage in the proceedings. *See Commonwealth v. Rogers*, 537 Pa. 581, 645 A.2d 223 (1994) (stating appellant may not terminate counsel's representation after appellate briefs have been filed). Therefore, we deny Appellant's open motion without prejudice to Appellant's right to assert counsel's ineffectiveness later in a petition timely filed under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.

- 4 -

would want his attorney to challenge during cross-examination of witnesses. Appellant claims the court's colloquy failed to cover other required factors, such as Appellant's right to testify in his own defense and the effect Appellant's absence might have on the jury and future claims of ineffective assistance of counsel. Appellant concludes he is entitled to a new trial. We disagree.

"When we as an appellate court review a challenge to the validity of a waiver of the right to be present at trial, we look to the record to determine whether all the necessary information concerning the nature of the right and the risk of not exercising that right was communicated to the [defendant]. If such information was communicated to the [defendant], the waiver will not be disturbed." *Commonwealth v. Faulk*, 928 A.2d 1061, 1066 (Pa.Super. 2007), *appeal denied*, 596 Pa. 715, 944 A.2d 756 (2008).

> A defendant's right to be present at trial is guaranteed by the Sixth Amendment to the United States Constitution; by Article I, Section 9 of the Pennsylvania Constitution; and by Pennsylvania Rule of Criminal Procedure 602(a). This Court has previously declined to interpret our state Constitution as requiring more protection for the accused with respect to trials *in absentia* than the United States Constitution. Furthermore, the right may be waived either impliedly, via the defendant's actions, or expressly.

*Id.* at 1065-66 (internal citations omitted). In *Vega, supra*, a plurality of the Pennsylvania Supreme Court addressed the content of the colloquy regarding a defendant's waiver of his right to be present during trial:

> While we do not require a rote dialogue such as that required for entry of a guilty plea or mandate any specific

language, the inquiry must be calculated to insure a defendant is aware of the dangers and disadvantages of waiving his right to be present during trial. Such an inquiry would necessarily include, at a minimum, a discussion of whether the defendant understands that if trial proceeds without his presence: (1) he would be unable to participate in the selection of a jury; (2) he waives his right to confront and cross-examine witnesses; (3) he will not be present to testify in his own defense; and (4) any claim challenging effective assistance of counsel will be severely limited since the defendant has chosen not to participate in his defense and will be unable to aid counsel during trial. Where the record contains no such inquiry there can be no valid waiver of the right to be present at trial.

*Id.* at 262, 719 A.2d at 231 (footnote omitted).

Instantly, prior to jury selection on October 28, 2014, the court addressed Appellant as follows:

THE COURT: [Appellant], I have been informed that you do not wish to change your clothing for jury selection or participate in jury selection. That is up to you. You don't have to do either. This is your jury. I think it's to your advantage to be there and to decide [whom] you want to sit on your jury, you know, you get to have a vote in it, if you want. If you don't, we are going to pick the jury without you. So if you will let me know how you intend to proceed we will follow your wishes.

(N.T. Hearing, 10/28/14, at 2). The court added, "I strongly advise that you participate both in jury selection and in the trial." *Id.* at 6. Appellant confirmed that he did not wish to attend jury selection. On the following day, Appellant further indicated he did not wish to be present for trial. The court stated the following:

THE COURT: Okay. And, [Appellant], you have indicated that you do not wish to be present. The jury has been

- 6 -

selected and we are going to proceed with the jury trial. It is my strong recommendation that you stay here and help with your jury trial. This is your trial, no one else's. And you may hear evidence that you wish to correct or talk about or you may know questions that would be appropriate to ask. And if you're not here during the trial it's going to be very difficult, if not impossible, for you to do it. I do believe that it's in your—that it would be for your well-being to remain in the courtroom. However, if you refuse to do so the trial will proceed anyhow.

(N.T. Trial, 10/29/14, at 4-5). Appellant renewed his complaints regarding his trial counsel and stated, "Yeah, I don't even want to be part of this." *Id.* at 6. Later in the exchange, the court again asked Appellant if he wished to be present for trial, to which Appellant replied, "No. I'm not going to stay." *Id.* at 11. Appellant was absent for the first day of trial, which comprised almost all of the Commonwealth's case-in-chief. Appellant appeared in court on the following day and was present for the remainder of the trial. Appellant also testified in his own defense.

To the extent Appellant relies on *Vega* to argue the trial court's colloquy was constitutionally defective, we initially observe that *Vega* is a non-binding, plurality decision. *See In Interest of O.A.*, 552 Pa. 666, 676, 717 A.2d 490, 496 (1998) (stating: "While the ultimate order of a plurality opinion; *i.e.* an affirmance or reversal, is binding on the parties in that particular case, legal conclusions and/or reasoning employed by a plurality certainly do not constitute binding authority"). Furthermore, the court in the present case informed Appellant he had the right to participate in jury selection and recommended that he exercise that right. The court also

advised Appellant he might hear evidence during trial he wished to challenge or have questions to ask witnesses. The court strongly cautioned Appellant it would not be in his best interest to make himself unavailable to aid counsel during trial. The omission of any discussion of Appellant's right to testify in his own defense was rendered moot because Appellant did ultimately return to court on the second day of trial and exercised that right. The court's colloquy satisfied the requirements of **Vega**, which does not mandate a "rote dialogue." **See Vega, supra**. Therefore, Appellant's waiver was valid and his issue merits no relief.

Nevertheless, we also observe Appellant is a second-strike sex offender and the Commonwealth gave notice of intent to seek the mandatory minimum sentence under 42 Pa.C.S.A. 98718.2; yet, the certified record shows that the court imposed consecutive terms of incarceration of ten (10) to twenty (20) years for Appellant's rape and IDSI convictions, as well as a consecutive term of five (5) to ten (10) years' incarceration for his sexual assault conviction. We can raise and review an illegal sentence issue *sua sponte*. **See Commonwealth v. Oree**, 911 A.2d 169, 172 (Pa.Super. 2006), *appeal denied*, 591 Pa. 699, 918 A.2d 744 (2007).

Section 9718.2 of the Sentencing Code establishes a mandatory minimum sentence of twenty-five (25) years' incarceration where a defendant is convicted of a sex offense set forth in Section 9799.14, if at the time of the commission of the current offense(s) the defendant had

previously been convicted of an offense listed in Section 9799.14. ***See*** 42 Pa.C.S.A. § 9718.2(a)(1).[3] ***See also Commonwealth v. Helsel***, 53 A.3d 906 (Pa.Super. 2012), *appeal denied*, 619 Pa. 700, 63 A.3d 1244 (2013) (holding trial court should have sentenced defendant as second-strike sex offender under Section 9718.2, where defendant had committed two prior triggering sex offenses but was sentenced for both crimes at same time; two prior offenses counted as single strike).

As well, Section 9765 addresses merger of sentences as follows:

### § 9765.  Merger of sentences

No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense.  Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S.A. § 9765.  The Crimes Code defines the offense of rape in relevant part as follows:

### § 3121.  Rape

**(a)   Offense defined.—**A person commits a felony of the first degree when the person engages in sexual intercourse with a complainant:

(1)   By forcible compulsion.

---

[3] The statute also establishes a mandatory sentence of life imprisonment where at the time of the current offense, the defendant had been convicted of two or more offenses set forth in Section 9799.14 arising from separate criminal transactions.  42 Pa.C.S.A. § 9718.2(a)(2).

18 Pa.C.S.A. § 3121(a)(1). The pertinent subsection of the IDSI statute provides:

> **§ 3123. Involuntary deviate sexual intercourse**
>
> **(a) Offense defined.—**A person commits a felony of the first degree when the person engages in deviate sexual intercourse with a complainant:
>
>> (1) By forcible compulsion[.]

18 Pa.C.S.A. § 3123(a)(1). **See also** 18 Pa.C.S.A. § 3101 (defining "deviate sexual intercourse" in part as "[s]exual intercourse per os or per anus between human beings"). The offense of sexual assault is defined as follows:

> **§ 3124.1 Sexual assault**
>
> Except as provided in section 3121 (relating to rape) or 3123 (relating to involuntary deviate sexual intercourse), a person commits a felony of the second degree when that person engages in sexual intercourse or deviate sexual intercourse with a complainant without the complainant's consent.

18 Pa.C.S.A. § 3124.1. **See also Commonwealth v. Pasley**, 743 A.2d 521 (Pa.Super. 1999), *appeal denied*, 563 Pa. 674, 759 A.2d 922 (2000) (explaining sexual assault statute was enacted to fill loophole left by rape and IDSI statutes by criminalizing non-consensual sex where perpetrator employs little or no force).

Instantly, the Commonwealth filed notice of intent to seek a mandatory minimum sentence of twenty-five (25) years' incarceration under Section 9718.2 for Appellant's convictions of rape, IDSI, sexual assault, and

indecent assault, based on Appellant's prior convictions for three counts of sexual assault. All of Appellant's prior sexual assault convictions arose in a single case and counted as a single strike. Therefore, Appellant is a now second-strike offender under Section 9718.2 with respect to each triggering offense in the instant case. ***See*** 42 Pa.C.S.A. § 9718.2(a)(1); ***Helsel, supra***. At sentencing, the court stated it was imposing an aggregate sentence of twenty-five (25) to fifty (50) years' incarceration, without referring to any specific offense. The court also indicated the sentence included a mandatory minimum term. The written sentencing order, however, shows Appellant received two, consecutive sentences of ten (10) to twenty (20) years' incarceration for rape and IDSI, and a consecutive five (5) to ten (10) years' incarceration for sexual assault. ***See Commonwealth v. Willis***, 68 A.3d 997, 1010 (Pa.Super. 2013) (stating written sentencing order controls over court's oral pronouncement of sentence). Appellant's sentences for those convictions are inconsistent with the twenty-five (25) year minimum term of incarceration for second-strike offenders prescribed by Section 9718.2. ***See*** 42 Pa.C.S.A. 9718.2(a)(1).

Additionally, the evidence adduced at trial established Appellant engaged in two distinct acts of sexual intercourse with S.H. First, Appellant forced S.H. to perform oral sex on him. Second, Appellant forced S.H. to submit to vaginal intercourse. Those two acts correspond with Appellant's convictions for IDSI and rape, respectively. ***See*** 18 Pa.C.S.A. § 3123(a)(1),

3121(a)(1). The Commonwealth did not produce evidence that Appellant engaged in any other acts of sexual intercourse with S.H. Thus, Appellant's conviction for sexual assault must have been based on the same act as his conviction for either rape or IDSI.[4] *See Commonwealth v. Kelley*, 569 Pa. 179, 801 A.2d 551 (2002) (stating offense of sexual assault requires act of sexual intercourse or deviate sexual intercourse). Further, all of the statutory elements of sexual assault (sexual intercourse or deviate sexual intercourse; victim's lack of consent) are included in the offenses of rape and IDSI. *See* 18 Pa.C.S.A. § 3121(a)(1), 3123(a)(1), 3124.1(a)(1). Sexual assault is a lower graded offense than both rape and IDSI. Therefore, Appellant's sexual assault conviction should have merged for sentencing purposes.[5] *See* 42 Pa.C.S.A. § 9765.

Based on the foregoing, we affirm Appellant's convictions, but we vacate the judgment of sentence in its entirety and remand for resentencing. When resentencing Appellant, the court must properly apply both merger law and the second-strike provision of Section 9718.2(a)(1), which is not satisfied by the aggregate sentence we have just vacated. Accordingly, we

_____

[4] In the criminal information, the description for the sexual assault count stated: "The actor engaged in sexual intercourse or deviate sexual intercourse with [S.H.] without his or her consent, in violation of Section 3124.1 of the Pennsylvania Crimes Code[.]" (Information, filed 2/7/14, at 1).

[5] The court did properly merge Appellant's convictions of indecent assault and indecent exposure.

affirm Appellant's convictions; but we vacate the judgment of sentence and remand for resentencing.

Judgment of sentence vacated; case remanded for resentencing. Jurisdiction is relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/9/2016