J-S66036-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LAURENCE J. SORONEN | |
| Appellant | No. 300 MDA 2016 |

Appeal from the Judgment of Sentence January 27, 2016
in the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-SA-0000307-2015

BEFORE:  BOWES, J., PANELLA, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED OCTOBER 04, 2016**

Laurence J. Soronen ("Appellant") appeals from the judgment of sentence entered in the York County Court of Common Pleas on January 27, 2016, following the dismissal of his summary conviction appeal.  After careful review, we affirm.

The trial court summarized the procedural and factual history of this matter as follows:

> On May 25, 2015, Appellant was cited pursuant to 75 Pa.C.S. § 3362(a)(2) for travelling 75 miles per hour in a posted 55 miles per hour zone.  The citation was formally filed on May 27, 2015.  Appellant pled not guilty.
>
> On June 1, 2015, notice was sent to Appellant for the summary trial before Magisterial District Judge Richard Thomas (MDJ) scheduled for July 1, 2015.  On June 5, 2015, Appellant sent a letter to the MDJ requesting a continuance of the trial.  A second letter was sent by Appellant on June 9, 2015, with the same request.  The letter indicates that Appellant had been advised by the clerk of the MDJ that discovery is not provided in

advance of summary conviction trials. On June 22, 2015, Appellant sent an "affidavit" to the MDJ requesting discovery.

On June 29, 2015, the summary trial was continued to September 1, 2015. On July 29, 2015, Appellant sent a letter to the MDJ requesting that the charges be dismissed. On August 26, 2015, Appellant sent a letter to the MDJ requesting that the charges be dismissed, or alternatively that the summary trial again be continued.

On September 1, 2015, [A]ppellant was found guilty in absentia by the MDJ. Appellant filed a [n]otice of [a]ppeal on September 11, 2015. On September 29, 2015, the case was transferred to the Court of Common Pleas and scheduled for a [s]ummary [c]onviction [a]ppeal hearing on November 25, 2015.

On October 20, 2015, Appellant sent a letter to the Honorable Harry M. Ness requesting dismissal of the charges. Judge Ness denied Appellant's request and a letter was forwarded to Appellant from the Judge's law clerk advising Appellant of the impropriety of Appellant's *ex parte* communications with the Court. The case was reassigned to the Honorable Michael E. Bortner.

On November 23, 2015, Appellant sent a letter to Judge Bortner requesting a dismissal of charges or a continuance of the [s]ummary [c]onviction [a]ppeal hearing. The District Attorney advised Appellant by letter dated December 1, 2015, that discovery is not provided in summary cases. The case was reassigned to the [trial court] for the summary conviction appeal session scheduled for November 25, 2015. On November 25, 2015, Appellant failed to appear. [The trial court], by Order dated and filed November 25, 2015, granted Appellant one continuance to December 30, 2015, and advised Appellant that court personnel and county employees were prohibited from providing Appellant with legal advice. (Appellant's correspondence had become quite voluminous.)

On December 8, 2015, the Commonwealth requested a continuance of the summary conviction appeal hearing because of the unavailability of the affiant. On December 11, 2015, [the trial court] granted the Commonwealth one continuance and re-scheduled the hearing for January 27, 2016.

- 2 -

On December 14, 2015, Appellant forwarded to [the trial court] directly a "Notice of Motion to Dismiss and Supporting Affidavit". The documents were forwarded by the Court to the Clerk of Court's office for official filing.

On December 29, 2015, [the trial court] received an improper *ex parte* communication from Appellant regarding plea negotiations between Appellant and the Commonwealth. [The trial court] gave no consideration to Appellant's communication.

On January 7, 2016, [the trial court] denied Appellant's Motion to Dismiss. On January 15, 2016, [the trial court] received an improper *ex parte* communication from Appellant requesting [the trial court] to recuse, again discussing plea negotiations between Appellant and the Commonwealth and citing Rules of Criminal Procedure relating to MDJ proceedings in support of his request to conclude the process via United States mail.

On January 27, 2016, Appellant failed to appear for the summary conviction appeal hearing. Pursuant to Pennsylvania Rule of Criminal Procedure No. 462(D), Appellant's appeal was dismissed and the judgment of the MDJ became final. No explanation was provided by Appellant for his failure to appear. The [trial c]ourt can glean from his prior correspondence (and Appellant's later-filed Concise Statement of Matters Complained of [On Appeal]) that Appellant is under the belief that the distance he lives from the judicial center in York, Pennsylvania, warrants a special exception that would excuse his appearance.

Appellant sent a letter to [the trial court], dated February 1, 2016, requesting further action by [the trial court]. [The trial court's] law clerk responded to Appellant by letter dated February 5, 2016, indicating [the trial court] would not respond directly to his correspondence and providing Appellant with a reminder regarding the deadline to file a Notice of Appeal.

Appellant filed a [n]otice of [a]ppeal on February 12, 2016. [The trial court's] [Pa.R.A.P.] 1925(b) [o]rder was filed on February 16, 2016. Appellant's Statement of Matters Complained of was filed on March 11, 2016, three days late.[1]

_____

[1] Appellant's Pa.R.A.P. 1925(b) statement reads as follows:
*(Footnote Continued Next Page)*

J-S66036-16

Defendant-Appellant files the following concise statement of matters complained of on the appeal in the above matter, pursuant to the direction issued by the Honorable Maria Musti-Cook, on February 16, 2016, pursuant to Pa.R.A.P. 1925(b):

1. Trial De Novo in Court of Common Pleas (Court) on a speeding citation was scheduled for January 27, 2016.

2. On January 20, 2016, after his motion to dismiss the citation was denied, [Appellant] submitted an affidavit to the [c]ourt and the District Attorney appearing and reaffirming his plea of not guilty and voluntarily and knowingly waiving his right to be present at the trial de novo (*see **Commonwealth v. Vega***, 553 Pa. 255 [1998]).

3. [Appellant] further demanded in his affidavit that the Commonwealth be put to its proof at trial on January 27, 2016 since, upon information and belief, no non-hearsay proof of [Appellant's] guilt was offered or received at the Magistrate's Court (see 234 Pa. Code 462).

4. [Appellant] was unable to be personally present at traffic offense trial because he works and resides nearly 300 miles from the courthouse.

5. Despite [Appellant's] sworn plea of not guilty, his sworn knowing and voluntary waiver of his right to be present at trial and his sworn demand that the Commonwealth prove [his] guilt at trial on January 27, 2016 by non-hearsay evidence, the [c]ourt failed and refused to hold a trial and instead found [Appellant] "guilty," without benefit of admissible proof, because he allegedly "failed to appear."

6. Despite the [c]ourt's knowledge that [Appellant] had vigorously asserted that he was not guilty and had vigorously defended against the speeding charge, and despite [Appellant's] knowingly and voluntarily waived his right to be present at trial, and demanded that the trial be conducted in his absence and the people put to their proof, the [c]ourt ignored [Appellant's] rights and found [Appellant] "guilty" because [he] purportedly "failed to appear."

Trial Court Pa.R.A.P. 1925(a) Opinion, filed April 1, 2016 ("1925(a) Opinion"), pp. 2-6.

Appellant argues the trial court improperly dismissed his summary conviction appeal pursuant to Pa.R.Crim.P. 462(D) after he failed to appear for the scheduled trial *de novo*.[2] This claim lacks merit.

Our standard of review of a trial court's dismissal of a summary conviction appeal for failure of a party to appear,

_(Footnote Continued)_ ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾

    7. The Commonwealth has never, upon information and belief, offered, nor has the [c]ourt admitted, any non-hearsay evidence showing that [Appellant] is guilty of the speeding charge, in either the Magistrate Court or the Court of Common Pleas.

    8. The Court of Common Pleas committed prejudicial error in finding [Appellant] guilty, without holding a trial or accepting non-hearsay evidence and in refusing to acknowledge [Appellant's] sworn appearance, sworn plea of not guilty and sworn knowing and voluntary waiver of his right to be present at trial.

    9. [Appellant] requests reversal of the [o]rder and dismissal of the citation or, alternatively, scheduling of a new trial.

Appellant's Pa.R.A.P. 1925(b) statement, filed March 11, 2016, pp. 1-2.

[2] We recognize the technical deficiencies in Appellant's brief and acknowledge the Commonwealth's argument that such deficiencies should result in waiver of Appellant's issues. *See* Commonwealth's Brief, pp. 14-17. However, while Appellant failed to strictly comply with the mandates of Pa.R.A.P. 2101, 2111, and 2117, we decline to find waiver because the argument presented in his brief and the Commonwealth's response thereto leave this Court with little difficulty ascertaining the nature of Appellant's claim.

is limited to whether the trial court committed an error of law and whether the findings of the trial court are supported by competent evidence. The adjudication of the trial court will not be disturbed on appeal absent a manifest abuse of discretion. An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support as to be clearly erroneous.

*Commonwealth v. Dixon*, 66 A.3d 794, 796 (Pa.Super.2013) (internal quotation marks and citations omitted).

Pennsylvania Rule of Criminal Procedure 462 governs *de novo* trials following the appeal of a summary conviction and provides, in pertinent part, as follows:

**Rule 462. Trial *De Novo***

(A) When a defendant appeals after the entry of a guilty plea or a conviction by an issuing authority in any summary proceeding, upon the filing of the transcript and other papers by the issuing authority, the case shall be heard *de novo* by the judge of the court of common pleas sitting without a jury.

\* \* \* \* \*

(D) If the defendant fails to appear, the trial judge may dismiss the appeal and enter judgment in the court of common pleas on the judgment of the issuing authority.

Pa.R.Crim.P. 462.

"Paragraph (D) makes it clear that the trial judge may dismiss a summary case appeal when the judge determines that the defendant is absent without cause from the trial *de novo*." Pa.R.Crim.P. 462, cmt. This Court has found dismissal appropriate under Rule 462 where a defendant attempted to appear but originally presented to the wrong location, and then

was unable to timely appear in the correct location because the defendant claimed that he followed erroneous directions of third parties. ***See Dixon***, 66 A.3d at 798.

Here, Appellant was found guilty in absentia after failing to appear before the Magisterial District Judge for a scheduled trial.[3] After appealing the summary conviction, and requesting and being granted a continuance, Appellant failed to appear at the summary conviction appeal hearing, his trial *de novo*. The trial judge discussed on the record that the court had received no notice from Appellant that he would be late for the hearing, was detained by unforeseen circumstances, or otherwise would not be able to attend as scheduled. N.T. 1/27/2016, p. 5. To excuse his absence, Appellant states that he resides and works nearly 300 miles from the courthouse. ***See*** Appellant's Brief, p. 10 (pagination supplied). Such an explanation represents neither good cause, nor an involuntary absence, nor an unforeseen circumstance. ***Commonwealth v. Eyiwunmi Akinsanmi***, 55 A.3d 539, 541 (Pa.Super.2012) (attendance at conference neither excused nor unforeseen absence justifying failure to appear for hearing).

Judgment of sentence affirmed.

---

[3] The Pennsylvania Rules of Criminal Procedure allow Magisterial District Judges to conduct summary criminal trials in the defendant's absence and then provide notice of a resulting conviction, sentence, and appeal rights to the defendant via first class mail. ***See*** Pa.R.Crim.P. 455(A) & (D).

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/4/2016