J-S49040-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| JOSEPH DESALVO | |
| Appellant | No. 199 WDA 2017 |

Appeal from the Judgment of Sentence January 12, 2017
In the Court of Common Pleas of Fayette County
Criminal Division at No(s):  CP-26-CR-0000123-2016

BEFORE: DUBOW, SOLANO, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:　　　　　　**FILED AUGUST 28, 2017**

Appellant, Joseph DeSalvo, appeals from his judgment of sentence of three to six years' imprisonment for, *inter alia*, persons not to possess firearms.[1]  Appellant's sole argument is that the trial court abused its discretion in denying him a continuance and holding a jury trial in his absence when he was admitted to the hospital for a medical emergency.  We affirm.

The trial court accurately recounts the factual history as follows:

> On January 9, 2017, a jury trial before this [c]ourt was commenced at 2:45 p.m. with [Appellant] present with his counsel in the courtroom.  The jury was empaneled and opening statements by the prosecutor and defense counsel were made.  When the trial resumed at approximately 9:10 a.m. the following morning, January 10, 2017,

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 6105(a).  The trial court imposed no further penalty on the other charges for which the jury found Appellant guilty.

counsel informed the [c]ourt that [Appellant] was absent from the courtroom due to being hospitalized on account of overdosing after voluntarily ingesting unknown illegal substances. Defense counsel requested a continuance of the trial, which the [c]ourt denied, and the trial resumed without [Appellant] on charges of . . . Person Not To Possess Firearm, Theft By Unlawful Taking, and Firearm Not To Be Carried Without A License. After the conclusion of all testimony and closing arguments, [Appellant] was [convicted] on all charges.

Trial Ct. Op., 3/6/17, at 1-2 (record citations omitted). Following sentencing, Appellant filed a timely notice of appeal, and both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises one issue on appeal:

Whether the [trial] court committed reversible error by not granting defense counsel's request for continuance or mistrial and holding [Appellant's] jury trial in his absence while he was admitted to Uniontown Hospital for a medical emergency?

Appellant's Brief at 7.

The Rules of Criminal Procedure provide:

The defendant shall be present at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by this rule. The defendant's absence without cause at the time scheduled for the start of trial or during trial shall not preclude proceeding with the trial, including the return of the verdict and the imposition of sentence.

Pa.R.Crim.P. 602(a).

This Court has written:

A defendant's right to be present at trial is guaranteed by the Sixth Amendment to the United States Constitution;

- 2 -

by Article I, Section 9 of the Pennsylvania Constitution; and by Pennsylvania Rule of Criminal Procedure 602(a). *See, e.g., Taylor v. United States*, 414 U.S. 17, 20, 94 S.Ct. 194, 38 L.Ed.2d 174 (1973); *Illinois v. Allen*, 397 U.S. 337, 338, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970); *Commonwealth v. Tizer*, [], 684 A.2d 597, 604 ([Pa. Super.] 1996). This Court has previously declined to interpret our state Constitution as requiring more protection for the accused with respect to trials *in absentia* than the United States Constitution. *See Commonwealth v. Hill*, 737 A.2d 255, 260 (Pa. Super. 1999). Furthermore, the right may be waived either impliedly, via the defendant's actions, or expressly. *See, e.g., Commonwealth v. Vega*, [], 719 A.2d 227, 229–30 ([Pa.] 1998); *Commonwealth v. Sullens*, [], 619 A.2d 1349, 1351 ([Pa.] 1992).

\* \* \*

Furthermore, a defendant may be tried *in absentia* if he or she is absent without cause when the trial is scheduled to begin or if the defendant absconds without cause after the trial commences. *Commonwealth v. Wilson*, [] 712 A.2d 735, 737 ([Pa.] 1998); *Sullens*, 619 A.2d at 1352; *see also Taylor*, 414 U.S. at 20, 94 S.Ct. 194 (concluding that the trial court had committed no error in proceeding with a trial even though the defendant had chosen not to return to the courtroom for the afternoon session, and quoting *Allen*, 397 U.S. at 349, 90 S.Ct. 1057 (Brennan, J., concurring) for the proposition that "the governmental prerogative to proceed with a trial may not be defeated by conduct of the accused that prevents the trial from going forward").

*Commonwealth v. Faulk*, 928 A.2d 1061, 1065-66 (Pa. Super. 2007).

Under these precepts, the trial court acted within its discretion by proceeding with trial in Appellant's absence. The record establishes that Appellant was present for the first day of trial but was found unresponsive at his home and transported by ambulance to the hospital. N.T., 1/10/17, at

11-12. Blood tests taken at the hospital show that he ingested illegal controlled substances between the first and second days of trial. *Id.* at 12. We agree with the trial court that this was a "voluntary" act. *Id.* Moreover, several witnesses missed work to attend the second day of trial, and a state trooper adjusted his schedule to be present as well. *Id.* The court aptly observed that "the inconvenience to those people outweigh the voluntary act on [Appellant's] part." *Id.*

We hold that Appellant waived his right to be present during trial by voluntarily ingesting illegal substances that caused his hospitalization. *See Faulk*, 928 A.2d at 1065-66. The trial court properly held that Appellant could be tried *in absentia* for being absent without cause after trial commenced.

Judgment of sentence affirmed.

Judge Dubow joins.

Judge Solano concurs in result.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/28/2017