J-A22045-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEFFREY ROBERT BLAKE | : | |
| | : | |
| Appellant | : | No. 566 WDA 2024 |

Appeal from the PCRA Order Entered May 7, 2024
In the Court of Common Pleas of Armstrong County Criminal Division at
No(s):  CP-03-CR-0000852-2020

BEFORE:  MURRAY, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY KING, J.:                    **FILED:  November 6, 2024**

Appellant, Jeffrey Robert Blake, appeals from the order entered in the Armstrong County Court of Common Pleas, which denied his petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The relevant facts and procedural history of this case are as follows.  On August 12, 2021, a jury convicted Appellant of theft by unlawful taking, retail theft, receiving stolen property, and conspiracy.  On November 29, 2022, the trial court sentenced Appellant to an aggregate term of 18 to 36 months of incarceration.  Appellant did not file post-sentence motions or a direct appeal.

On July 27, 2023, Appellant timely filed a *pro se* PCRA petition.  The court appointed counsel, who filed an amended petition on Appellant's behalf.  On April 25, 2024, the PCRA court held an evidentiary hearing at which

_____

[1] 42 Pa.C.S.A. §§ 9541-9541.

Appellant and trial counsel testified. On May 7, 2024, the court denied PCRA relief.

On May 10, 2024, Appellant timely filed a notice of appeal. On May 14, 2024, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). That same day, Appellant timely complied.

On appeal, Appellant raises the following issues for our review:

> Whether the court erred in denying the PCRA petition and finding trial counsel was not ineffective for failing to inform [Appellant] of the date of jury selection.

> Whether the court erred in denying the PCRA petition where trial counsel was ineffective for failing to call various witnesses.

(Appellant's Brief at 7).

Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. *Commonwealth v. Conway*, 14 A.3d 101 (Pa.Super. 2011), *appeal denied*, 612 Pa. 687, 29 A.3d 795 (2011). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. *Commonwealth v. Boyd*, 923 A.2d 513 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). We do not give the same deference, however, to the court's legal conclusions. *Commonwealth v. Ford*, 44 A.3d 1190 (Pa.Super. 2012). Traditionally, credibility issues are resolved by the trier of fact who had the opportunity to observe the witnesses' demeanor. *Commonwealth v. Abu-*

*Jamal*, 553 Pa. 485, 720 A.2d 79 (1998), *cert. denied*, 528 U.S. 810, 120 S.Ct. 41, 145 L.Ed.2d 38 (1999). "A PCRA court passes on witness credibility at PCRA hearings, and its credibility determinations should be provided great deference by reviewing courts." *Commonwealth v. Johnson*, 600 Pa. 329, 356-357, 966 A.2d 523, 539 (2009).

Appellant's issues raise allegations of trial counsel's ineffectiveness. Pennsylvania law presumes counsel has rendered effective assistance. *Commonwealth v. Williams*, 597 Pa. 109, 950 A.2d 294 (2008). When asserting a claim of ineffective assistance of counsel, the petitioner is required to demonstrate: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and, (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. *Commonwealth v. Kimball*, 555 Pa. 299, 724 A.2d 326 (1999). The failure to satisfy any prong of the test for ineffectiveness will cause the claim to fail. *Williams, supra*.

"The threshold inquiry in ineffectiveness claims is whether the issue/argument/tactic which counsel has foregone and which forms the basis for the assertion of ineffectiveness is of arguable merit…" *Commonwealth v. Pierce*, 537 Pa. 514, 524, 645 A.2d 189, 194 (1994). "Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim." *Commonwealth v. Poplawski*, 852 A.2d 323, 327 (Pa.Super. 2004). "Once this threshold is met we apply the 'reasonable basis' test to determine whether counsel's chosen course was designed to effectuate his client's interests. If

we conclude that the particular course chosen by counsel had some reasonable basis, our inquiry ceases and counsel's assistance is deemed effective." *Pierce, supra* at 524, 645 A.2d at 194-95 (internal citations omitted).

> Prejudice is established when [an appellant] demonstrates that counsel's chosen course of action had an adverse effect on the outcome of the proceedings. The [appellant] must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. In [*Kimball, supra*], we held that a "criminal [appellant] alleging prejudice must show that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."

*Commonwealth v. Chambers*, 570 Pa. 3, 21-22, 807 A.2d 872, 883 (2002) (some internal citations and quotation marks omitted).

In Appellant's first issue, he argues that counsel was ineffective for failing to inform him of the date of jury selection. According to Appellant, he had no idea of when his jury selection would take place. Appellant avers that he only discovered the jury selection date after trial counsel called him on the date of jury selection, but he was already on his way to Ohio for a separate matter and could not return. Appellant insists that he had a constitutional right to participate in all stages of his jury trial, and trial counsel's failure to inform Appellant of the date of jury selection deprived him of this right. Appellant concludes trial counsel was ineffective on this ground, and this Court must grant relief. We disagree.

Initially, we observe:

The Sixth Amendment to the United States Constitution guarantees the right of an accused to be present in court at every stage of a criminal trial. A defendant who has not been charged with a capital offense may, however, waive that right either expressly or impliedly. The burden is on the Commonwealth to establish a knowing and intelligent waiver of a constitutional right by a preponderance of the evidence. For an individual to be able to make a knowing and intelligent waiver of a constitutional right, he must have been aware of both the nature of the constitutional right and the risk of forfeiting the same. If all of the necessary information concerning the nature and risk of forfeiture of the constitutional right is communicated to the individual, his waiver will not be disturbed. The focal point of this analysis is whether the Appellant made an informed choice.

*Commonwealth v. Vega*, 553 Pa. 255, 259-60, 719 A.2d 227, 230 (1998) (internal citations omitted).

Instantly, the PCRA court observed:

Notice of the August 9, 2021 trial date (which was actually the date of jury selection) was mailed to [Appellant] at his home address by the court administrator. The notice directed [Appellant] to appear, and informed him that his absence may be deemed a waiver of his right to be present. [Appellant] was in Ohio on August 9, 2021 and did not appear for jury selection. Thus, his absence from jury selection was of his own doing, so he cannot lay fault on his trial counsel.

(PCRA Court Opinion, 5/7/24, at 2 (unpaginated)).

The record supports the PCRA court's conclusion. The record reflects that trial was scheduled for August 9, 2021, and notice was sent to Appellant on July 14, 2021 of this date at the address Appellant confirmed was accurate at the PCRA hearing. (*See* Notice of Trial, 7/14/21; N.T. PCRA Hearing, 4/25/24, at 24-25). The PCRA court accurately summarized the notice's

- 5 -

warnings regarding waiver, which Appellant disregarded by choosing to appear in court in Ohio instead.

Further, trial counsel testified at the PCRA hearing that it is her practice to contact clients prior to trial, and she attempted to contact Appellant numerous times without "any luck." (*See* N.T. PCRA Hearing at 10-11). Regarding her prior attempts to contact Appellant, trial counsel testified that she had to make numerous calls and leave messages, mostly to Appellant's wife's phone number to reach him. (*See id.* at 11). Regarding the date of the trial, trial counsel confirmed that Appellant was aware of the date of jury selection because they had met at her office to discuss the date. (*Id.* at 11-12). Trial counsel also confirmed that it is her general practice to forward a copy of any court notices to the client. (*Id.* at 12). As far as trial counsel was aware, Appellant always resided at the same address. (*Id.*) On the day of jury selection, trial counsel attempted to call Appellant, as well as his wife, "with no luck at all." (*Id.* at 11, 19).

Appellant testified that prior to his incarceration, he resided at an address in Kittanning, Pennsylvania, and lived at that address throughout the pendency of the case. (*See id.* at 24-25). Appellant denied receiving court notices regarding various hearings, but he confirmed that the address was accurate. (*Id.* at 25). Appellant stated that trial counsel called him on the day of jury selection, but he had another case in Ohio that day and was already on his way there. (*Id.*). Appellant denied that trial counsel had

communicated the jury selection date to him beforehand. (***Id.*** at 34).

The record makes clear that Appellant was aware of the date of jury selection based on the court notice mailed to his home address, and counsel's testimony that they discussed the date in counsel's office. The court's denial of PCRA relief indicates that it did not credit Appellant's testimony to the contrary. ***See Johnson, supra***. On this record, we cannot say that the court erred in denying Appellant's claim of ineffectiveness. ***See Kimball, supra***. ***See also Vega, supra***.

In Appellant's second issue, he argues that trial counsel was ineffective for failing to interview and secure witnesses for trial. Appellant notes that although a police officer and Walmart employee testified at the preliminary hearing, trial counsel did not interview these witnesses prior to trial, nor did trial counsel attempt to obtain or call any witnesses on Appellant's behalf. Appellant suggests that these actions lacked a reasonable basis, and that the outcome of trial would have been different had trial counsel investigated and called other witnesses on Appellant's behalf. Appellant emphasizes that the evidence against him was "very limited," and no one saw Appellant take any of the jewelry. Appellant concludes trial counsel rendered ineffective assistance, and this Court must grant relief. We disagree.

Our Supreme Court has explained:

> [T]o prevail on a claim of ineffectiveness for failing to call a witness, a [petitioner] must prove, in addition to meeting the three ***Pierce*** requirements, that: (1) the witness existed; (2) the witness was available to testify for the

defense; (3) counsel knew or should have known of the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the [witness'] testimony was so prejudicial as to have denied him a fair trial.

***Commonwealth v. Wright***, 599 Pa. 270, 331, 961 A.2d 119, 155 (2008).

Instantly, the PCRA court observed:

At trial, [defense] counsel cross-examined the Commonwealth's witnesses and explored any discrepancies. [Appellant's] attorney specifically cross-examined Walmart employee Hannah Doyle about her prior testimony at the preliminary hearing.

The Commonwealth had alleged that [Appellant] broke into a jewelry case in Walmart, but when trial counsel reviewed the videotape of the incident, she believed that the videotape did not support that allegation. She thought the videotape benefitted [Appellant], and saw no reason to interview witnesses prior to trial. Furthermore, [Appellant] never gave trial counsel a list of witnesses he wanted her to call.

(PCRA Court Opinion, 5/7/24, at 2-3 (unpaginated)).

The record supports the PCRA court's statements. At the PCRA hearing, trial counsel stated that there was video evidence of the alleged crimes, and she did not see a benefit to interviewing Walmart employees, who were Commonwealth witnesses, to discuss the video. (***See*** N.T. PCRA Hearing at 16). Trial counsel believed that the video did not support the Commonwealth's allegation that Appellant had broken into the jewelry case. (***See id.*** at 17). Thus, the record reflects that trial counsel had a reasonable strategic basis for her actions in declining to interview the Commonwealth's witnesses prior to trial and instead cross-examining them at trial. ***See Pierce, supra***.

Additionally, trial counsel testified that she met with Appellant multiple times to prepare for and discuss trial. (N.T. PCRA Hearing at 11-12, 17-18). Appellant denied meeting with trial counsel prior to trial. (*Id.* at 26-27). He testified that the day of trial was the only time he met with her, and that she had postponed their meetings twice, and he had postponed a meeting once. (*See id.*). Nevertheless, Appellant admitted that he did not provide a list of potential witnesses to trial counsel, and that trial counsel had cross-examined the witnesses the Commonwealth did call. (*See id.* at 28, 31). While Appellant's *pro se* petition and amended petition contend that counsel failed to call witnesses on his behalf, Appellant did not identify any witnesses that were available and willing to testify for the defense. *See Wright, supra*. On this record, Appellant's ineffectiveness claim fails. *See Kimball, supra*. Accordingly, we affirm the order denying PCRA relief.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 11/6/2024